# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 7 2003

Michael N. Milby
Clerk of Court

PROCOPIO RODRIGUEZ, MERCED RAMOS-CANTU, JOSE
PEREZ, ROBERTO RIVERA, LUZ GUERRERO, MARTIN
GUERRERO SR., MARTIN GUERRERO JR., ELIZABETH
GUERRERO, JONATHAN GUERRERO, HECTOR MAGANA
SR., MARIA ZAMORA MAGANA, NOHEMI MAGANA,
ALEXANDRA MAGANA, HECTOR MAGANA JR., NORMA
MAGANA, AGUSTIN MARTINEZ, AMALIA MARTINEZ,
ISAAC MARTINEZ, ISRAEL MARTINEZ, BARBARA
MARTINEZ, VICTOR DE LOS REYES SR., SUSANA DE LOS
REYES, VICTOR DE LOS REYES JR., BRENDA AGUILAR,
ISIDRO AGUILAR, MARIA CARMEN RODRIGUEZ,
ALBERTO RODRIGUEZ, ARANDU RODRIGUEZ,
SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA
RODRIGUEZ, OSBORN RODRIGUEZ, MARCELENO
RODRIGUEZ, PERLA RODRIGUEZ, LINO RENDON,
MARIA RENDON, DANIEL RENDON, MARTIN VALDEZ SR.,
MARIA DE LA LUZ VALDEZ, MAGDA VALDEZ, ALVARO
VALDEZ, OSCAR VALDEZ, MARTIN VALDEZ JR., NORMA
VALDEZ, EFRAIN ORTIZ, MARISSA MARTINEZ, BLAS
MARTINEZ SR., CONSUELO MARTINEZ, VANESSA
MARTINEZ, BLAS MARTINEZ JR., JORGE MARTINEZ,
JOSE MANUEL RIVAS SR., JOSE MANUEL RIVAS JR.,
RICARDO RIVERA, MARIA ARCADEA RIVERA, JESUS
RIVERA, JULIAN RIVERA, MARIA DE LOS ANGELES
VELASQUEZ, GREGORIO VELASQUEZ,
JESSICA VELASQUEZ, GISELA VELASQUEZ, ERIKA
VELASQUEZ, RAFAEL VELASQUEZ, ROEL VELASQUEZ,
LILIA VILLARREAL, RAPHAEL VILLARREAL, JUAN LUCIO
VILLARREAL, VERONICA VILLARREAL, MARIA
VILLARREAL, MARIA LILIA VILLARREAL, BERENISA
TREJO, JUAN TREJO, YVONNE TREJO, CHRISTIAN
TREJO, and YZETTE TREJO,

        Plaintiffs,

vs.

TRISLER SEED FARMS, INC.; T.J. HALE; JUAN SAN
MIGUEL; YOLANDA SAN MIGUEL SR.; and YOLANDA
SAN MIGUEL JR.,

        Defendants.

Civil Action No.

JURY TRIAL REQUEST

## COMPLAINT

### INTRODUCTION

1. This action for declaratory, injunctive and monetary relief is brought by seventy-five migrant agricultural workers to vindicate rights afforded them by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq.; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; the Illinois Minimum Wage Law ("MWL"), 820 ILCS 105/1 et seq.; the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq.; and the Illinois Farm Labor Contractor Certification Act ("IFLCCA"), 225 ILCS 505/1 et seq.

2. The migrant workers complain that their former agricultural employers, former farm labor contractors, and former housing providers violated their employment and housing rights under AWPA, FSLA, MWL, IWPCA, and IFLCCA when Defendants recruited, employed, and housed them during the summer of 2001.

### JURISDICTION

3. This Court has jurisdiction under 29 U.S.C. § 1854(a) (conferring jurisdiction over claims arising under AWPA), under 29 U.S.C. § 216(b) (conferring jurisdiction over claims arising under FLSA), under 28 U.S.C. § 1331 (conferring jurisdiction over claims arising under the laws of the United States), and 28 U.S.C. § 1337 (conferring jurisdiction over claims arising under Acts of Congress regulating commerce).

4. This Court has supplemental jurisdiction over the MWL, IWPCA, and IFLCCA claims under 28 U.S.C. § 1367, since these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

5. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

2

## PLAINTIFFS

6.  Plaintiff PROCOPIO RODRIGUEZ is a resident of Cameron County, Texas.

7.  Plaintiff MERCED RAMOS-CANTU is a resident of Cameron County, Texas.

8.  Plaintiff JOSE PEREZ is a resident of Cameron County, Texas.

9.  Plaintiff ROBERTO RIVERA is a resident of Cameron County, Texas.

10.  Plaintiffs LUZ GUERRERO, MARTIN GUERRERO SR., MARTIN GUERRERO JR., ELIZABETH GUERRERO, and JONATHAN GUERRERO are residents of Hidalgo County, Texas.

11.  Plaintiffs LUZ GUERRERO and MARTIN GUERRERO SR., husband and wife, bring this action in their individual capacities and as next friends and on behalf of MARTIN GUERRERO JR., ELIZABETH GUERRERO, and JONATHAN GUERRERO, their minor children.

12.  Plaintiffs HECTOR MAGANA SR., MARIA ZAMORA MAGANA, NOHEMI MAGANA, and HECTOR MAGANA JR. are residents of Hidalgo County, Texas.

13.  Plaintiffs HECTOR MAGANA SR. and MARIA ZAMORA MAGANA, husband and wife, bring this action in their individual capacities and as next friends and on behalf of NOHEMI MAGANA and HECTOR MAGANA JR., their minor children.

14.  NORMA MAGANA is a resident of Hidalgo County, Texas.

15.  ALEXANDRA MAGANA is a resident of Hidalgo County, Texas.

16.  Plaintiffs AGUSTIN MARTINEZ, AMALIA MARTINEZ, ISAAC MARTINEZ, ISRAEL MARTINEZ, and BARBARA MARTINEZ are residents of Hidalgo County, Texas.

17.  Plaintiffs AGUSTIN MARTINEZ and AMALIA MARTINEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of ISAAC MARTINEZ,

3

ISRAEL MARTINEZ, and BARBARA MARTINEZ, their minor children.

18. Plaintiffs VICTOR DE LOS REYES SR., SUSANA DE LOS REYES, VICTOR DE LOS REYES JR., BRENDA AGUILAR, and ISIDRO AGUILAR are residents of Willacy County, Texas.

19. Plaintiffs VICTOR DE LOS REYES SR. and SUSANA DE LOS REYES, husband and wife, bring this action in their individual capacities and as next friends and on behalf of VICTOR DE LOS REYES JR., BRENDA AGUILAR, and ISIDRO AGUILAR, their minor children.

20. Plaintiffs MARIA CARMEN RODRIGUEZ, ALBERTO RODRIGUEZ, ARANDU RODRIGUEZ, SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA RODRIGUEZ, OSBORN RODRIGUEZ, MARCELENO RODRIGUEZ, and PERLA RODRIGUEZ are residents of Willacy County, Texas.

21. Plaintiffs MARIA CARMEN RODRIGUEZ and ALBERTO RODRIGUEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of ARANDU RODRIGUEZ, SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA RODRIGUEZ, OSBORN RODRIGUEZ, MARCELENO RODRIGUEZ, and PERLA RODRIGUEZ, their minor children.

22. Plaintiffs LINO RENDON, MARIA RENDON, and DANIEL RENDON are residents of Hidalgo County, Texas.

23. Plaintiffs LINO RENDON and MARIA RENDON, husband and wife, bring this action in their individual capacities and as next friends and on behalf of DANIEL RENDON, their minor child.

24. Plaintiffs MARTIN VALDEZ, MARIA DE LA LUZ VALDEZ, MAGDA VALDEZ,

4

ALVARO VALDEZ, OSCAR VALDEZ, and NORMA VALDEZ are residents of Hidalgo County, Texas.

25.  Plaintiffs MARTIN VALDEZ SR. and MARIA DE LA LUZ VALDEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of MAGDA VALDEZ, ALVARO VALDEZ, OSCAR VALDEZ, and NORMA VALDEZ, their minor children.

26.  Plaintiff MARTIN VALDEZ JR. is a resident of Hidalgo County, Texas.

27.  Plaintiff EFRAIN ORTIZ is a resident of Hidalgo County, Texas.

28.  Plaintiffs BLAS MARTINEZ SR., MARISSA MARTINEZ, VANESSA MARTINEZ, BLAS MARTINEZ JR., and JORGE MARTINEZ are residents of Hidalgo County, Texas.

29.  Plaintiffs BLAS MARTINEZ SR. and MARISSA MARTINEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of VANESSA MARTINEZ, BLAS MARTINEZ JR., and JORGE MARTINEZ, their minor children.

30.  Plaintiff CONSUELO MARTINEZ is a resident of Hidalgo County, Texas.

31.  Plaintiff JOSE MANUEL RIVAS SR. and JOSE MANUEL RIVAS JR. are residents of Willacy County, Texas.

32.  Plaintiff JOSE MANUEL RIVAS SR. brings this action in his individual capacity and as next friend and on behalf of JOSE MANUEL RIVAS JR., his minor child.

33.  Plaintiffs RICARDO RIVERA, MARIA ARCADEA RIVERA, JESUS RIVERA, and JULIAN RIVERA are residents of Willacy County, Texas.

34.  Plaintiffs RICARDO RIVERA and MARIA ARCADEA RIVERA, husband and wife, bring this action in their individual capacities and as next friends and on behalf of JESUS RIVERA and JULIAN RIVERA, their minor children.

5

35. Plaintiffs THE ESTATE OF GREGORIO VELASQUEZ, MARIA DE LOS ANGELES VELASQUEZ, JESSICA VELASQUEZ, GISELA VELASQUEZ, ERIKA VELASQUEZ, and ROEL VELASQUEZ are residents of Hidalgo County, Texas.

36. Plaintiffs THE ESTATE OF GREGORIO VELASQUEZ and MARIA DE LOS ANGELES VELASQUEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of JESSICA VELASQUEZ, GISELA VELASQUEZ, ERIKA VELASQUEZ, and ROEL VELASQUEZ, their minor children.

37. Plaintiff RAFAEL VELASQUEZ is a resident of Hidalgo County, Texas.

38. Plaintiffs RAPHAEL VILLARREAL, LILIA VILLARREAL, VERONICA VILLARREAL, and MARIA LILIA VILLARREAL are residents of Cameron County, Texas.

39. Plaintiffs RAPHAEL VILLARREAL and LILIA VILLARREAL, husband and wife, bring this action in their individual capacities and as next friends and on behalf of VERONICA VILLARREAL and MARIA LILIA VILLARREAL, their minor children.

40. Plaintiff JUAN LUCIO VILLARREAL is a resident of Cameron County, Texas.

41. Plaintiff MARIA VILLARREAL is a resident of Cameron County, Texas.

42. Plaintiff JUAN TREJO, BERENISA TREJO, YVONNE TREJO, CHRISTIAN TREJO, and YZETTE TREJO are residents of Cameron County, Texas.

43. Plaintiffs JUAN TREJO and BERENISA TREJO, husband and wife, bring this action in their individual capacities and as next friends and on behalf of YVONNE TREJO, CHRISTIAN TREJO, and YZETTE TREJO, their minor children.

44. At all times relevant to this action, Plaintiffs were migrant agricultural workers within the meaning of AWPA, 29 U.S.C. §1802(8).

6

## DEFENDANTS

45. Defendant TRISLER SEED FARMS, INC. is an Illinois corporation that specializes in the selection, development, growing, and conditioning of hybrid seed corn.

46. At all times relevant to this action, Defendant TRISLER was an agricultural employer within the meaning of AWPA, 29 U.S.C. § 1802(2).

47. Defendant TRISLER SEED FARMS, INC. may be served by serving Julie Trisler Catlett, its president at 3274E 800 North Rd., Fairmount, IL, 61841.

48. At all times relevant to this action, Defendant T.J. HALE was general manager of TRISLER SEED FARMS, INC., and an agricultural employer within the meaning of AWPA, 29 U.S.C. § 1802(2).

49. Defendant T.J. HALE is a resident of Vermilion County, Illinois.

50. Defendant T.J. HALE may be personally served with process at 3274E 800 North Rd., Fairmount, IL, 61841.

51. At all times relevant to this action, Defendant JUAN SAN MIGUEL was registered with the United States Department of Labor ("USDOL") as a farm labor contractor within the meaning of AWPA, 29 U.S.C. § 1802(7), and acted as a farm labor contractor within the meaning of AWPA and IFLCCA.

52. Defendant JUAN SAN MIGUEL was authorized by the USDOL to recruit workers but he was not authorized to provide housing or transportation.

53. Defendant JUAN SAN MIGUEL was registered with the Illinois Department of Labor ("IDOL") as a farm labor contractor.

54. At all times relevant to this action, Defendant YOLANDA SAN MIGUEL SR. acted as

7

a farm labor contractor within the meaning of AWPA, 29 U.S.C. § 1802(7), and IFLCCA.

55. Defendant YOLANDA SAN MIGUEL SR. did not register with the IDOL as a farm labor contractor in the year 2001.

56. At all times relevant to this action, Defendant YOLANDA SAN MIGUEL JR. acted as a farm labor contractor within the meaning of AWPA, 29 U.S.C. § 1802(7), and IFLCCA.

57. Defendant YOLANDA SAN MIGUEL JR. did not register with the IDOL as a farm labor contractor in the year 2001.

58. Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. are residents of Hidalgo County, Texas.

59. Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. may be personally served with process at RT6 Box 223, Weslaco, TX 78596.

## STATEMENT OF FACTS

60. Corn "detasseling" is the method utilized to breed two separate varieties of corn together, producing a seed called a "hybrid" which has the qualities of both parents.

61. As corn is a monoecious plant (having both male and female parts), it will fertilize itself if the tassels are not removed. To produce a crop of pure hybrid seed, all the tassels must be removed from selected rows to make female rows. The silks of plants in the female rows are then fertilized by pollen from the tassels of the designated male rows, forming a cob of corn whose kernels are hybrid seed.

62. Defendants TRISLER and HALE utilized the farm labor contracting services of Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. without first ascertaining whether Defendants JUAN SAN MIGUEL, YOLANDA

8

SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. were properly licensed by the USDOL or the IDOL.

63. Defendant JUAN SAN MIGUEL utilized the farm labor contracting services of Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. without first ascertaining whether Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. were properly licensed by the USDOL or the IDOL.

64. At no time relevant to this action was Defendant YOLANDA SAN MIGUEL SR. authorized by the USDOL to recruit workers.

65. At no time relevant to this action was Defendant YOLANDA SAN MIGUEL SR. authorized by the IDOL to recruit workers.

66. At no time relevant to this action were Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. authorized by the USDOL to transport or house workers.

67. At no time relevant to this action were Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. authorized by the IDOL to transport or house workers.

68. At all times, Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. acted on behalf of and as agents for Defendants TRISLER and HALE.

69. Sometime before July 2001, Defendants TRISLER and HALE utilized the services of Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. to recruit and hire individuals for agricultural employment in Illinois.

70. The following fifty-nine Plaintiffs were recruited and subsequently employed by

9

Defendant TRISLER SEED FARMS, INC. during the corn detasseling season in 2001: PROCOPIO RODRIGUEZ, MERCED RAMOS-CANTU, JOSE PEREZ, ROBERTO RIVERA, LUZ GUERRERO, MARTIN GUERRERO SR., MARTIN GUERRERO JR., ELIZABETH GUERRERO, MARIA ZAMORA MAGANA, NOHEMI MAGANA, ALEXANDRA MAGANA, HECTOR MAGANA JR., NORMA MAGANA, AGUSTIN MARTINEZ, AMALIA MARTINEZ, ISAAC MARTINEZ, ISRAEL MARTINEZ, BARBARA MARTINEZ, VICTOR DE LOS REYES, SUSANA DE LOS REYES, BRENDA AGUILAR, MARIA CARMEN RODRIGUEZ, ARANDU RODRIGUEZ, SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA RODRIGUEZ, LINO RENDON, MARIA RENDON, DANIEL RENDON, MARTIN VALDEZ SR., MARIA DE LA LUZ VALDEZ, MAGDA VALDEZ, ALVARO VALDEZ, OSCAR VALDEZ, MARTIN VALDEZ JR., EFRAIN ORTIZ, MARISSA MARTINEZ, BLAS MARTINEZ, CONSUELO MARTINEZ, VANESSA MARTINEZ, JOSE MANUEL RIVAS SR., JOSE MANUEL RIVAS JR., RICARDO RIVERA, MARIA ARCADEA RIVERA, JESUS RIVERA, JULIAN RIVERA, MARIA DE LOS ANGELES VELASQUEZ, THE ESTATE OF GREGORIO VELASQUEZ, GISELA VELASQUEZ, ERIKA VELASQUEZ, RAFAEL VELASQUEZ, ROEL VELASQUEZ, LILIA VILLARREAL, JUAN LUCIO VILLARREAL, VERONICA VILLARREAL, MARIA VILLARREAL, MARIA LILIA VILLARREAL, BERENISA TREJO, and JUAN TREJO ("the Working Plaintiffs").

71.  Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. recruited the Working Plaintiffs in Texas to work for Defendants TRISLER and HALE detasseling corn in Illinois, as set forth herein below.

72.  When recruiting the Working Plaintiffs, Defendant JUAN SAN MIGUEL failed to

10

exhibit to the Working Plaintiffs an original or certified copy of his certificate of registration as a farm labor contractor issued by the IDOL.

73. When recruiting the Working Plaintiffs, Defendant YOLANDA SAN MIGUEL SR. failed to exhibit to the Working Plaintiffs an original or certified copy of her certificate of registration as a farm labor contractor issued by the IDOL.

74. Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. promised Plaintiffs that they would: a) work from late June to early August detasseling corn, b) work 7 days per week, c) work 10 to 14 hours per day, d) earn $6.00 to $6.50 per hour, and e) be provided with decent and fully furnished housing with air conditioning.

75. Plaintiffs accepted the Defendants' offer of employment, as well as entered into the work agreement, in the State of Texas.

76. After the Working Plaintiffs accepted the Defendants' offer of employment, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. gave the Working Plaintiffs some forms to sign, which they did.

77. The Working Plaintiffs were not given copies of the forms that they signed.

78. At all times relevant to this lawsuit, Defendants TRISLER and HALE were the employers of the Working Plaintiffs.

79. Relying on Defendants' promises, all Plaintiffs packed their belongings and left their homes in Texas and traveled north to Illinois to perform the agreed-upon agricultural work.

80. All Plaintiffs arrived in Illinois in late June 2001.

81. The Plaintiffs were not given the specific address where they were supposed to report for work, and were required to call Defendant JUAN SAN MIGUEL to ascertain the location of

their housing.

82. When the Plaintiffs arrived, most of the apartments were not ready for occupancy.

83. Consequently, many Plaintiffs were forced to stay with other families, in hotels, or at other locations until the apartments were ready.

84. Acting on behalf of and as agents for Defendants TRISLER and HALE, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. made false and misleading statements to Plaintiffs in Texas, either directly or through their authorized agents and employees, regarding the terms and conditions of housing in that, inter alia, Defendants promised Plaintiffs that they would be provided with decent and fully furnished housing with air conditioning.

85. Defendants housed most Plaintiffs in apartments without any furniture, except for a stove and a refrigerator.

86. For the first few days, many Plaintiffs had to sleep on the floor. Eventually, most Plaintiffs were given mattresses that were filthy and smelled of urine.

87. The apartments had no screens on the windows, and were infested with roaches and other insects.

88. There were no lights in the apartments, except in the closets.

89. There was no air conditioning in the apartments.

90. Defendants failed to comply with state and federal labor protection standards for housing.

91. The housing in which Plaintiffs resided in Illinois did not comply with federal safety and health requirements.

92. The housing in which Plaintiffs resided in Illinois did not comply with state safety

and health requirements.

93. Acting on behalf of and as agents for Defendants TRISLER and HALE, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. made false and misleading statements to the Working Plaintiffs in Texas, either directly or through their authorized agents and employees, regarding the terms and conditions of employment and wages in that, inter alia, Defendants promised the Working Plaintiffs that they would: a) work from late June to early August detasseling corn, b) work 7 days per week, c) work 10 to 14 hours per day, and d) earn $6.00 to $6.50 per hour.

94. The Working Plaintiffs started working for Defendants TRISLER and HALE in late June 2001, and were given work for approximately five weeks.

95. The Working Plaintiffs consistently worked less than 7 days per week and less than 10 to 14 hours per day.

96. Although the Working Plaintiffs expected to earn between $2,000 and $3,000 for the season, most of the Working Plaintiffs earned between $1,000 and $1,500.

97. The Working Plaintiffs were transported by Defendant YOLANDA SAN MIGUEL JR.

98. The Working Plaintiffs were required to use buses to get transported to and from the various fields, but were not compensated for the travel time.

99. Because Defendants did not pay the Working Plaintiffs for all hours worked, there were weeks when some Working Plaintiffs did not earn the federal minimum wage of $5.15 per hour.

100. During the course of the Working Plaintiffs' employment, Defendants failed to keep accurate time and other payroll records.

101. Defendants did not at any time give the Working Plaintiffs a written statement of the terms and conditions of employment.

102. Defendants failed to comply with federal labor protection standards for field sanitation.

103. Drinking water in the fields was allowed to rise to very high temperatures, and was dirty. Many times, the water was yellow or brown in color.

104. Sometimes, the drinking water would run out, but the Working Plaintiffs were required to finish working.

105. In the fields, there were only four bathrooms for approximately 150 workers.

106. The bathrooms were cleaned 1 to 2 times in the entire season, there was rarely any toilet paper, and there were no hand washing facilities.

107. The bathrooms and the drinking water were kept by the buses at the beginning of the rows. The Working Plaintiffs needed to walk a complete row, which is between 1 to 1.5 miles long, in order to use the bathrooms or to drink the water.

108. The Working Plaintiffs did not receive any protective glasses or gloves.

109. Children as young as 10 years old worked under the conditions listed in paragraphs 93 through 108.

110. At no time during the Working Plaintiffs' employment did Defendants conspicuously post at the site of the Working Plaintiffs' employment the rights and protections afforded to migrant agricultural workers under AWPA.

111. At no time during the Working Plaintiffs' employment did Defendants post in a conspicuous place or present to Plaintiffs a statement of the terms and conditions of their farm labor housing.

112. All of the actions and omissions set forth in the paragraphs above were undertaken by Defendants either directly or through their agents.

14

**Facts Pertaining to Plaintiffs LILIA VILLARREAL, JUAN LUCIO VILLARREAL, VERONICA VILLARREAL, MARIA VILLARREAL, MARIA LILIA VILLARREAL, BERENISA TREJO, and JUAN TREJO ("the Villarreal/Trejo Plaintiffs")**

113. The Villarreal/Trejo Plaintiffs arrived in Illinois in late June 2001.

114. After being forced to sleep on the floor of their apartment, Plaintiff LILIA VILLARREAL, on behalf of herself and the rest of the Villarreal/Trejo Plaintiffs, asserted her rights under AWPA to housing that complied with federal and state safety and health requirements.

115. The following day, Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., YOLANDA SAN MIGUEL JR., and their agents began to systematically discriminate against the Villarreal/Trejo Plaintiffs.

116. The Villarreal/Trejo Plaintiffs were constantly harassed, humiliated, and treated disrespectfully.

117. On one occasion, Defendant YOLANDA SAN MIGUEL JR. swerved her truck at Plaintiff MARIA VILLARREAL, who was on foot, and barely missed her.

118. Eventually, the Villarreal/Trejo Plaintiffs were fired and told to vacate their apartment.

119. At all relevant times, Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. acted on behalf of and as agents for Defendants TRISLER and HALE.

## COUNT I: AWPA VIOLATIONS

120. This Count sets forth claims by all Plaintiffs against all Defendants for monetary, declaratory, and injunctive relief under AWPA.

121. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1 through 119.

122. By their actions and omissions described above, Defendants violated the rights of all Plaintiffs under AWPA in that they:

    (a)    failed to post in a conspicuous place or present to Plaintiffs a statement of the terms of their farm labor housing, in violation of 29 U.S.C. § 1822(c) and (g);

    (b)    failed to ensure that the housing provided to plaintiffs complied with federal and State of Illinois safety and health standards, in violation of 29 U.S.C. § 1823(a);

    (c)    failed to acquire certification that applicable safety and health standards were met, in violation of 29 U.S.C. § 1823(b).

123. By their actions and omissions described above, Defendants violated the rights of the Working Plaintiffs under AWPA in that they:

    (a)    failed to conspicuously post at the site of Plaintiffs' employment the rights and protections afforded to migrant agricultural workers under AWPA, in violation of 29 U.S.C. § 1821(b) and (g);

    (b)    failed to make and keep proper records reflecting all hours worked, in violation of 29 U.S.C. § 1821(d);

    (c)    knowingly provided false and misleading information concerning the terms, conditions or existence of agricultural employment, in violation of 29 U.S.C. § 1821(f);

    (d)    failed to pay wages owed to Plaintiffs, in violation of 29 U.S.C. § 1822(a);

    (e)    violated without justification the terms of the working arrangements made with Plaintiffs, in violation of 29 U.S.C. § 1822(c);

    (f)    violated the rights of the Working Plaintiffs under AWPA in that they failed to provide the Working Plaintiffs at the time of their recruitment with a written statement of the terms and conditions of employment, in violation of 29 U.S.C. § 1821(a) and (g).

124. Defendant JUAN SAN MIGUEL violated the rights of all Plaintiffs when he engaged in housing and transporting workers without registering with the USDOL for those farm labor contracting activities, in violation of 29 U.S.C. § 1811(a).

125. Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. violated the rights of all Plaintiffs when they engaged in farm labor contracting activities without possessing valid certificates of registration from the USDOL, in violation of 29 U.S.C. § 1811(a).

126. Defendant JUAN SAN MIGUEL violated the rights of all Plaintiffs when he hired, employed, or used individuals (e.g., his family members) to perform farm labor contracting activities, when those individuals did not possess a valid certificate of registration from the USDOL authorizing such activities, in violation of 29 U.S.C. § 1811(b).

127. Defendants TRISLER and HALE violated the rights of all Plaintiffs when they utilized the services of farm labor contractors to perform certain farm labor contracting activities, without first ascertaining whether the contractors were properly authorized by USDOL to perform those activities, in violation of 29 U.S.C. § 1842.

128. Defendants TRISLER, HALE, JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. violated the rights of the Villarreal/Trejo Plaintiffs when they intimidated, threatened, discriminated against, and discharged them, in violation of 29 U.S.C. § 1855.

129. The violations of AWPA complained of in paragraphs 1 through 128 were the natural consequences of the conscious and deliberate actions of Defendants, and thus were intentional within the meaning of AWPA, 29 U.S.C. § 1854.

130. Prior to instituting this action and in consideration of 29 U.S.C. § 1854(c)(2), Plaintiffs and their attorneys attempted to resolve their claims against Defendants without resort to litigation. These efforts were unsuccessful.

## COUNT II: FLSA VIOLATIONS

17

131. This Count sets forth claims by the Working Plaintiffs against all Defendants for monetary, declaratory, and injunctive relief under FLSA.

132. The Working Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

133. By shorting hours and failing to pay for traveling time as described above, Defendants compensated some Working Plaintiffs at a rate of less than $5.15 per hour in the course of some workweeks, in violation of the minimum wage provisions of FLSA, 29 U.S.C. § 206(a).

134. Defendants' violation of the minimum wage provision of FLSA was willful within the meaning of 29 U.S.C. § 255.

### COUNT III: IFLCCA VIOLATIONS

135. This Count sets forth a claim by all Plaintiffs against all Defendants for monetary damages and for declaratory and injunctive relief under IFLCCA.

136. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 119.

137. By their actions and omissions as described above, Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. violated the rights of Plaintiffs under IFLCCA in that they acted as a farm labor contractor in the State of Illinois without first obtaining a certificate of registration issued by the Director of the Illinois Department of Labor, in violation of IFLCCA, 225 ILCS 505/3;

138. By their actions and omissions as described above, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. violated the rights of Plaintiffs under IFLCCA in that they failed to file with the Illinois Department of Labor a statement containing information required by

IFLCCA, in violation of IFLCCA, 225 ILCS 505/9(a).

139.  By their actions and omissions described above, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. violated the rights of Plaintiffs under IFLCCA in that they failed to disclose to Plaintiffs at the time of their recruitment a written statement containing the location of employment, the crops and operation involved, the rate of compensation or wages, and the other information required to be disclosed under IFLCCA, 225 ILCS 505/9(b).

140.  By their actions and omissions described above, Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. violated the rights of all Plaintiffs under IFLCCA in that they:

   (a)    failed to exhibit or provide to Plaintiffs a copy of their Illinois farm labor contractor certificates, in violation of IFLCCA, 225 ILCS 505/8(a);

   (b)    failed to comply with the terms and conditions of employment, in violation of IFLCCA, 225 ILCS 505/8(c);

   (c)    failed to display at the work site and in the vehicles in which Plaintiffs were transported a written statement in English and Spanish showing the rate of compensation farm labor contractors received from TRISLER and the rate of compensation to be paid to Plaintiffs and other farm workers, in violation of IFLCCA, 225 ILCS 505/8(d).

### COUNT IV: MWL VIOLATIONS

141.  This Count sets forth claims by the Working Plaintiffs against all Defendants for monetary, declaratory, and injunctive relief under the MWL.

142.  Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

143.  By shorting hours and by failing to pay for traveling time as described above, Defendants compensated the Working Plaintiffs at an average rate of less than $5.15 per hour in the course of various workweeks in violation of the minimum wage provisions of the MWL, 820 ILCS

105/4.

## COUNT V: VIOLATIONS OF THE IWPCA

144. This count sets forth a claim by the Working Plaintiffs against all Defendants for monetary, declaratory, and injunctive relief under the IWPCA.

145. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

146. By failing to pay the Working Plaintiffs for all of the hours the Working Plaintiffs worked, Defendants violated the Working Plaintiffs' rights under the IWPCA in that they failed to pay the Working Plaintiffs all wages earned, in violation of 820 ILCS 115/3.

147. By failing to pay the Working Plaintiffs' wages owed immediately upon termination, Defendants violated the Working Plaintiffs' rights under the IWPCA in that they failed to pay the Working Plaintiffs' final compensation at the time of separation of employment, in violation of 820 ILCS 115/5.

## COUNT VI: BREACH OF CONTRACT

148. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

149. Defendants entered into a contract with the Working Plaintiffs in the spring of 2001 in the State of Texas. Specifically, the Defendants offered agricultural work to the Working Plaintiffs under certain terms and conditions, and the Working Plaintiffs accepted such offer.

150. The Working Plaintiffs fully complied with their obligations under the contract by refraining from other employment opportunities, packing their belongings, and leaving their homes to travel to Illinois where they did perform their detasseling work agreed upon.

151. The Defendants violated the promised terms and conditions of employment, as laid out in the contract.

152. The Working Plaintiffs suffered monetary damages as a result of such breach of contract.

## COUNT VII: ASSAULT

153. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

154. Defendant YOLANDA SAN MIGUEL JR. had the intent to create in Plaintiff MARIA VILLARREAL the apprehension of immediate harmful contact when she swerved at Plaintiff MARIA VILLARREAL while driving approximately 20 miles per hour.

155. Defendant YOLANDA SAN MIGUEL JR.'s actions created in Plaintiff MARIA VILLARREAL a reasonable apprehension of immediate harmful contact when the vehicle barely missed her.

156. It was apparent to Plaintiff MARIA VILLARREAL that Defendant YOLANDA SAN MIGUEL JR. had the present ability to carry out the harmful contact.

157. Plaintiff MARIA VILLARREAL was injured as a result of the apprehension of immediate harmful contact.

158. Defendant YOLANDA SAN MIGUEL JR.'s actions were the direct and proximate cause of Plaintiff MARIA VILLARREAL's injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare the Defendants, by their actions and omissions described above, violated Plaintiffs' rights under AWPA, 29 U.S.C. §§ 1801 et seq.;

B. Award each Plaintiff $500 in statutory damages for each and every violation of AWPA committed by each Defendant;

21

C.  Declare that Defendants by their actions and omissions described above violated the Working Plaintiffs rights under the minimum wage provisions of FLSA at 29 U.S.C. § 206(a);

D.  Award the Working Plaintiffs their unpaid minimum wages plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b);

E.  Declare that Defendants by their acts and omissions as described above violated Plaintiffs' rights under IFLCCA, 225 ILCS 505/1 et seq.;

F.  Award each Plaintiff statutory damages of $500 for each and every violation of IFLCCA committed by each Defendant;

G.  Declare that Defendants, by their actions and omissions described above, violated the MWL, 820 ILCS 105/4;

H.  Award the Working Plaintiffs their unpaid minimum wages, plus punitive damages pursuant to 820 ILCS 105/12(a);

I.  Declare that Defendants, by their actions and omissions described above, violated the IWPCA, 820 ILCS 115/1 et seq.;

J.  Award the Working Plaintiffs as damages the amount of their unpaid wages;

K.  Award Plaintiff MARIA VILLARREAL damages for injuries resulting from the assault perpetrated by Defendant YOLANDA SAN MIGUEL JR.

L.  Enjoin Defendants from any further violations of AWPA, FLSA, IFLCCA, MWL, and IWPCA;

M.  Grant any other and further relief as this Court deems just and proper.

Respectfully submitted,

_____

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Attorney-in-Charge for Plaintiffs

Nathaniel Norton
Texas Bar No. 24037196
Motion to Appear Pro Hac Vice Filed and S.D. No. Pending
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Tel. 956-968-9574
Fax. 956-968-8823
Co-Counsel for Plaintiffs

Vincent H. Beckman, III
Illinois Bar No. 0152803
Motion to Appear Pro Hac Vice Filed
ILLINOIS MIGRANT LEGAL ASSISTANCE PROJECT
LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAGO
407 S. Dearborn, Suite 350
Chicago, Illinois 60605
Tel. 312-423-5901
Fax. 312-427-0381
Co-Counsel for Plaintiffs