*13*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 7 2003

Michael N. Milby
Clerk of Court

PROCOPIO RODRIGUEZ, MERCED RAMOS-CANTU, JOSE           )
PEREZ, ROBERTO RIVERA, LUZ GUERRERO, MARTIN            )
GUERRERO SR., MARTIN GUERRERO JR., ELIZABETH           )
GUERRERO, JONATHAN GUERRERO, HECTOR MAGANA             )
SR., MARIA ZAMORA MAGANA, NOHEMI MAGANA,               )
ALEXANDRA MAGANA, HECTOR MAGANA JR., NORMA             )
MAGANA, AGUSTIN MARTINEZ, AMALIA MARTINEZ,             )
ISAAC MARTINEZ, ISRAEL MARTINEZ, BARBARA               )
MARTINEZ, VICTOR DE LOS REYES SR., SUSANA DE LOS       )
REYES, VICTOR DE LOS REYES JR., BRENDA AGUILAR,        )
ISIDRO AGUILAR, MARIA CARMEN RODRIGUEZ,                )
ALBERTO RODRIGUEZ, ARANDU RODRIGUEZ,                   )
SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA             )
RODRIGUEZ, OSBORN RODRIGUEZ, MARCELENO                 )
RODRIGUEZ, PERLA RODRIGUEZ, LINO RENDON, MARIA         )
RENDON, DANIEL RENDON, MARTIN VALDEZ SR.,              )
MARIA DE LA LUZ VALDEZ, MAGDA VALDEZ, ALVARO           )
VALDEZ, OSCAR VALDEZ, MARTIN VALDEZ JR., NORMA         )
VALDEZ, EFRAIN ORTIZ, MARISSA MARTINEZ, BLAS           )
MARTINEZ SR., CONSUELO MARTINEZ, VANESSA               )
MARTINEZ, BLAS MARTINEZ JR., JORGE MARTINEZ,           )
JOSE MANUEL RIVAS SR., JOSE MANUEL RIVAS JR.,          )
RICARDO RIVERA, MARIA ARCADEA RIVERA, JESUS            )
RIVERA, JULIAN RIVERA, MARIA DE LOS ANGELES            )
VELASQUEZ, GREGORIO VELASQUEZ, JESSICA                 )
VELASQUEZ, GISELA VELASQUEZ, ERIKA VELASQUEZ,          )
RAFAEL VELASQUEZ, ROEL VELASQUEZ, LILIA                )
VILLARREAL, RAPHAEL VILLARREAL, JUAN LUCIO             )
VILLARREAL, VERONICA VILLARREAL, MARIA                 )
VILLARREAL, MARIA LILIA VILLARREAL, BERENISA           )
TREJO, JUAN TREJO, YVONNE TREJO, CHRISTIAN             )
TREJO, and YZETTE TREJO,                               )
                                                       )
                    Plaintiffs,                        )        Civil Action No. B-03-034
vs.                                                    )        JURY TRIAL REQUEST
                                                       )
                                                       )
TRISLER SEED FARMS, INC.; T.J. HALE; JUAN SAN          )
MIGUEL; YOLANDA SAN MIGUEL SR.; and YOLANDA            )
SAN MIGUEL JR.,                                        )
                                                       )
                    Defendants.                        )

### Answer and Affirmative Defenses of
### Defendants Trisler Seed Farms, Inc. and T.J. Hale

Defendants Trisler Seed Farms, Inc. and T.J. Hale (collectively, "Trisler"), by and through

their attorneys, Neal, Gerber & Eisenberg, for their answer to the allegations set forth in the

Complaint filed in this action, state as follows:

## ANSWER

## INTRODUCTION

1.    This action for declaratory, injunctive and monetary relief is brought by seventy-

five migrant agricultural workers to vindicate rights afforded them by the Migrant and Seasonal

Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 et seq.; the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; the Illinois Minimum Wage Law ("MWL"),

820 ILCS 105/1 et seq.; the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS

115/1 et seq.; and the Illinois Farm Labor Contractor Certification Act ("IFLCCA"), 225 ILCS

505/1 et seq.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 1 of the Complaint, but denies

that any of the claims brought have merit.

2.    The migrant workers complain that their former agricultural employers, former

farm labor contractors, and former housing providers violated their employment and housing

rights under AWPA, FSLA, MWL, IWPCA, and IFLCCA when Defendants recruited, employed,

and housed them during the summer of 2001.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 2 of the Complaint, but denies

that any of the claims brought have merit.

## JURISDICTION

3.      This Court has jurisdiction under 29 U.S.C. § 1854(a) (conferring jurisdiction over claims arising under AWPA), under 29 U.S.C. § 216(b) (conferring jurisdiction over claims arising under FLSA), under 28 U.S.C. § 1331 (conferring jurisdiction over claims arising under the laws of the United States), and 28 U.S.C. § 1337 (conferring jurisdiction over claims arising under Acts of Congress regulating commerce).

**ANSWER:**      Trisler admits the allegations set forth in Paragraph 3 of the Complaint, but denies that any of the claims brought have merit.

4.      This Court has supplemental jurisdiction over the MWL, IWPCA, and IFLCCA claims under 28 U.S.C. § 1367, since these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

**ANSWER:**      Trisler admits the allegations set forth in Paragraph 4 of the Complaint, but denies that any of the claims brought have merit.

5.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

**ANSWER:**      Trisler admits the allegations set forth in Paragraph 5 of the Complaint, but denies that any of the plaintiffs are entitled to declaratory relief.

## PLAINTIFFS

6.      Plaintiff PROCOPIO RODRIGUEZ is a resident of Cameron County, Texas.

**ANSWER:**      Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies the allegations.

Answer and Affirmative Defenses of Defendants
Trisler Seed Farms, Inc. and T.J.Hale - Page 3

7.      Plaintiff MERCED RAMOS-CANTU is a resident of Cameron County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies the allegations.

8.      Plaintiff JOSE PEREZ is a resident of Cameron County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies the allegations.

9.      Plaintiff ROBERTO RIVERA is a resident of Cameron County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the allegations.

10.      Plaintiffs LUZ GUERRERO, MARTIN GUERRERO SR., MARTIN GUERRERO JR., ELIZABETH GUERRERO, and JONATHAN GUERRERO are residents of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies the allegations.

11.      Plaintiffs LUZ GUERRERO and MARTIN GUERRERO SR., husband and wife, bring this action in their individual capacities and as next friends and on behalf of MARTIN

GUERRERO JR., ELIZABETH GUERRERO, and JONATHAN GUERRERO, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the allegations.

12.        Plaintiffs HECTOR MAGANA SR., MARIA ZAMORA MAGANA, NOHEMI MAGANA, and HECTOR MAGANA JR. are residents of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies the allegations.

13.        Plaintiffs HECTOR MAGANA SR. and MARIA ZAMORA MAGANA, husband and wife, bring this action in their individual capacities and as next friends and on behalf of NOHEMI MAGANA and HECTOR MAGANA JR., their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies the allegations.

14.        NORMA MAGANA is a resident of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies the allegations.

15.    ALEXANDRA MAGANA is a resident of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies the allegations.

16.    Plaintiffs AGUSTIN MARTINEZ, AMALIA MARTINEZ, ISAAC MARTINEZ, ISRAEL MARTINEZ, and BARBARA MARTINEZ are residents of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies the allegations.

17.    Plaintiffs AGUSTIN MARTINEZ and AMALIA MARTINEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of ISAAC MARTINEZ, ISRAEL MARTINEZ, and BARBARA MARTINEZ, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies the allegations.

18.    Plaintiffs VICTOR DE LOS REYES SR., SUSANA DE LOS REYES, VICTOR DE LOS REYES JR., BRENDA AGUILAR, and ISIDRO AGUILAR are residents of Willacy County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies the allegations.

19.    Plaintiffs VICTOR DE LOS REYES SR. and SUSANA DE LOS REYES, husband and wife, bring this action in their individual capacities and as next friends and on behalf of VICTOR DE LOS REYES JR., BRENDA AGUILAR, and ISIDRO AGUILAR, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies the allegations.

20.    Plaintiffs MARIA CARMEN RODRIGUEZ, ALBERTO RODRIGUEZ, ARANDU RODRIGUEZ, SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA RODRIGUEZ, OSBORN RODRIGUEZ, MARCELENO RODRIGUEZ, and PERLA RODRIGUEZ are residents of Willacy County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies the allegations.

21.    Plaintiffs MARIA CARMEN RODRIGUEZ and ALBERTO RODRIGUEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of ARANDU RODRIGUEZ, SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA RODRIGUEZ, OSBORN RODRIGUEZ, MARCELENO RODRIGUEZ, and PERLA RODRIGUEZ, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies the allegations.

22.    Plaintiffs LINO RENDON, MARIA RENDON, and DANIEL RENDON are residents of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies the allegations.

23.    Plaintiffs LINO RENDON and MARIA RENDON, husband and wife, bring this action in their individual capacities and as next friends and on behalf of DANIEL RENDON, their minor child.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies the allegations.

24.    Plaintiffs MARTIN VALDEZ, MARIA DE LA LUZ VALDEZ, MAGDA VALDEZ, ALVARO VALDEZ, OSCAR VALDEZ, and NORMA VALDEZ are residents of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies the allegations.

25.     Plaintiffs MARTIN VALDEZ SR. and MARIA DE LA LUZ VALDEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of MAGDA VALDEZ, ALVARO VALDEZ, OSCAR VALDEZ, and NORMA VALDEZ, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies the allegations.

26.     Plaintiff MARTIN VALDEZ JR. is a resident of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Complaint, and therefore denies the allegations.

27.     Plaintiff EFRAIN ORTIZ is a resident of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of the Complaint, and therefore denies the allegations.

28.     Plaintiffs BLAS MARTINEZ SR., MARISSA MARTINEZ, VANESSA MARTINEZ, BLAS MARTINEZ JR., and JORGE MARTINEZ are residents of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of the Complaint, and therefore denies the allegations.

29.     Plaintiffs BLAS MARTINEZ SR. and MARISSA MARTINEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of VANESSA MARTINEZ, BLAS MARTINEZ JR., and JORGE MARTINEZ, their minor children.

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Complaint, and therefore denies the allegations.

30.     Plaintiff CONSUELO MARTINEZ is a resident of Hidalgo County, Texas.

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 30 of the Complaint, and therefore denies the allegations.

31.     Plaintiff JOSE MANUEL RIVAS SR. and JOSE MANUEL RIVAS JR. are residents of Willacy County, Texas.

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies the allegations.

32.     Plaintiff JOSE MANUEL RIVAS SR. brings this action in his individual capacity and as next friend and on behalf of JOSE MANUEL RIVAS JR., his minor child.

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies the allegations.

33.     Plaintiffs RICARDO RIVERA, MARIA ARCADEA RIVERA, JESUS RIVERA, and JULIAN RIVERA are residents of Willacy County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies the allegations.

34.     Plaintiffs RICARDO RIVERA and MARIA ARCADEA RIVERA, husband and wife, bring this action in their individual capacities and as next friends and on behalf of JESUS RIVERA and JULIAN RIVERA, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies the allegations.

35.     Plaintiffs THE ESTATE OF GREGORIO VELASQUEZ, MARIA DE LOS ANGELES VELASQUEZ, JESSICA VELASQUEZ, GISELA VELASQUEZ, ERIKA VELASQUEZ, and ROEL VELASQUEZ are residents of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies the allegations.

36.     Plaintiffs THE ESTATE OF GREGORIO VELASQUEZ and MARIA DE LOS ANGELES VELASQUEZ, husband and wife, bring this action in their individual capacities and as next friends and on behalf of JESSICA VELASQUEZ, GISELA VELASQUEZ, ERIKA VELASQUEZ, and ROEL VELASQUEZ, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies the allegations.

37.    Plaintiff RAFAEL VELASQUEZ is a resident of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies the allegations.

38.    Plaintiffs RAPHAEL VILLARREAL, LILIA VILLARREAL, VERONICA VILLARREAL, and MARIA LILIA VILLARREAL are residents of Cameron County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies the allegations.

39.    Plaintiffs RAPHAEL VILLARREAL and LILIA VILLARREAL, husband and wife, bring this action in their individual capacities and as next friends and on behalf of VERONICA VILLARREAL and MARIA LILIA VILLARREAL, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies the allegations.

40.    Plaintiff JUAN LUCIO VILLARREAL is a resident of Cameron County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies the allegations.

41.        Plaintiff MARIA VILLARREAL is a resident of Cameron County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies the allegations.

42.        Plaintiff JUAN TREJO, BERENISA TREJO, YVONNE TREJO, CHRISTIAN TREJO, and YZETTE TREJO are residents of Cameron County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies the allegations.

43.        Plaintiffs JUAN TREJO and BERENISA TREJO, husband and wife, bring this action in their individual capacities and as next friends and on behalf of YVONNE TREJO, CHRISTIAN TREJO, and YZETTE TREJO, their minor children.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies the allegations.

44.        At all times relevant to this action, Plaintiffs were migrant agricultural workers within the meaning of AWPA, 29 U.S.C. §1802(8).

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44 of the Complaint, and therefore denies the allegations.

## DEFENDANTS

45.    Defendant TRISLER SEED FARMS, INC. is an Illinois corporation that specializes in the selection, development, growing, and conditioning of hybrid seed corn.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 45 of the Complaint.

46.    At all times relevant to this action, Defendant TRISLER was an agricultural employer within the meaning of AWPA, 29 U.S.C. § 1802(2).

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 46 of the Complaint.

47.    Defendant TRISLER SEED FARMS, INC. may be served by serving Julie Trisler Catlett, its president at 3274E 800 North Rd., Fairmount, IL, 61841.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 47 of the Complaint.

48.    At all times relevant to this action, Defendant T.J. HALE was general manager of TRISLER SEED FARMS, INC., and an agricultural employer within the meaning of AWPA, 29 U.S.C. § 1802(2).

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 48 of the Complaint.

49.    Defendant T.J. HALE is a resident of Vermilion County, Illinois.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 49 of the Complaint.

50.    Defendant T.J. HALE may be personally served with process at 3274E 800 North Rd., Fairmount, IL, 61841.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 50 of the Complaint.

51.    At all times relevant to this action, Defendant JUAN SAN MIGUEL was registered with the United States Department of Labor ("USDOL") as a farm labor contractor within the meaning of AWPA, 29 U.S.C. § 1802(7), and acted as a farm labor contractor within the meaning of AWPA and IFLCCA.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 51 of the Complaint.

52.    Defendant JUAN SAN MIGUEL was authorized by the USDOL to recruit workers but he was not authorized to provide housing or transportation.

**ANSWER:**    Trisler admits that Defendant Juan San Miguel was authorized by the USDOL to recruit workers, but is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 52 of the Complaint, and therefore denies the allegations.

53.    Defendant JUAN SAN MIGUEL was registered with the Illinois Department of Labor ("IDOL") as a farm labor contractor.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 53 of the Complaint.

54.    At all times relevant to this action, Defendant YOLANDA SAN MIGUEL SR. acted as a farm labor contractor within the meaning of AWPA, 29 U.S.C. § 1802(7), and ILCCA.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 54 of the Complaint.

55.    Defendant YOLANDA SAN MIGUEL SR. did not register with the IDOL as a farm labor contractor in the year 2001.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55 of the Complaint, and therefore denies the allegations.

56.    At all times relevant to this action, Defendant YOLANDA SAN MIGUEL JR. acted as a farm labor contractor within the meaning of AWPA, 29 U.S.C. § 1802(7), and IFLCCA.

**ANSWER:**    Trisler denies that Defendant Yolanda San Miguel Jr. acted as a farm labor contractor within the meaning of AWPA, 29 U.S.C. § 1802(7), and IFLCCA, for Trisler Seed Farms, Inc.  Further answering, Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56 of the Complaint, and therefore denies the allegations.

57.    Defendant YOLANDA SAN MIGUEL JR. did not register with the IDOL as a farm labor contractor in the year 2001.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 57 of the Complaint, and therefore denies the allegations.

58.    Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. are residents of Hidalgo County, Texas.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 58 of the Complaint, and therefore denies the allegations.

59.    Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. may be personally served with process at RT6 Box 223, Weslaco, TX 78596.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 59 of the Complaint, and therefore denies the allegations.

## STATEMENT OF FACTS

60.    Corn "detasseling" is the method utilized to breed two separate varieties of corn together, producing a seed called a "hybrid" which has the qualities of both parents.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 60 of the Complaint.

61.    As corn is a monoecious plant (having both male and female parts), it will fertilize itself if the tassels are not removed.  To produce a crop of pure hybrid seed, all the tassels must be removed from selected rows to make female rows.  The silks of plants in the female rows are then fertilized by pollen from the tassels of the designated male rows, forming a cob of corn whose kernels are hybrid seed.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants TRISLER and HALE utilized the farm labor contracting services of Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. without first ascertaining whether Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. were properly licensed by the USDOL or the IDOL.

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendant JUAN SAN MIGUEL utilized the farm labor contracting services of Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. without first ascertaining whether Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. were properly licensed by the USDOL or the IDOL.

**ANSWER:**     Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 63 of the Complaint, and therefore denies the allegations.

64.     At no time relevant to this action was Defendant YOLANDA SAN MIGUEL SR. authorized by the USDOL to recruit workers.

**ANSWER:**     Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 64 of the Complaint, and therefore denies the allegations.

65.     At no time relevant to this action was Defendant YOLANDA SAN MIGUEL SR. authorized by the IDOL to recruit workers.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 65 of the Complaint, and therefore denies the allegations.

66.    At no time relevant to this action were Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. authorized by the USDOL to transport or house workers.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 66 of the Complaint, and therefore denies the allegations.

67.    At no time relevant to this action were Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. authorized by the IDOL to transport or house workers.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 67 of the Complaint, and therefore denies the allegations.

68.    At all times, Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. acted on behalf of and as agents for Defendants TRISLER and HALE.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Sometime before July 2001, Defendants TRISLER and HALE utilized the services of Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. to recruit and hire individuals for agricultural employment in Illinois.

**ANSWER:**     Trisler admits that it used the services of Defendant Juan San Miguel to recruit and hire individuals for agricultural employment in Illinois, but denies the remaining allegations set forth in Paragraph 69 of the Complaint.

70.     The following fifty-nine Plaintiffs were recruited and subsequently employed by Defendant TRISLER SEED FARMS, INC. during the corn detasseling season in 2001: PROCOPIO RODRIGUEZ, MERCED RAMOS-CANTU, JOSE PEREZ, ROBERTO RIVERA, LUZ GUERRERO, MARTIN GUERRERO SR., MARTIN GUERRERO JR., ELIZABETH GUERRERO, MARIA ZAMORA MAGANA, NOHEMI MAGANA, ALEXANDRA MAGANA, HECTOR MAGANA JR., NORMA MAGANA, AGUSTIN MARTINEZ, AMALIA MARTINEZ, ISAAC MARTINEZ, ISRAEL MARTINEZ, BARBARA MARTINEZ, VICTOR DE LOS REYES, SUSANA DE LOS REYES, BRENDA AGUILAR, MARIA CARMEN RODRIGUEZ, ARANDU RODRIGUEZ, SANTIAGO RODRIGUEZ, ELISA RODRIGUEZ, MARIA RODRIGUEZ, LINO RENDON, MARIA RENDON, DANIEL RENDON, MARTIN VALDEZ SR., MARIA DE LA LUZ VALDEZ, MAGDA VALDEZ, ALVARO VALDEZ, OSCAR VALDEZ, MARTIN VALDEZ JR., EFRAIN ORTIZ, MARISSA MARTINEZ, BLAS MARTINEZ, CONSUELO MARTINEZ, VANESSA MARTINEZ, JOSE MANUEL RIVAS SR., JOSE MANUEL RIVAS JR., RICARDO RIVERA, MARIA ARCADEA RIVERA, JESUS RIVERA, JULIAN RIVERA, MARIA DE LOS ANGELES VELASQUEZ, THE ESTATE OF

GREGORIO VELASQUEZ, GISELA VELASQUEZ, ERIKA VELASQUEZ, RAFAEL VELASQUEZ, ROEL VELASQUEZ, LILIA VILLARREAL, JUAN LUCIO VILLARREAL, VERONICA VILLARREAL, MARIA VILLARREAL, MARIA LILIA VILLARREAL, BERENISA TREJO, and JUAN TREJO ("the Working Plaintiffs").

**ANSWER:**    Trisler admits that the following plaintiffs worked at Trisler Seed Farms, Inc. during the corn detasseling season in 2001:  Procopio Rodriguez, Merced Ramos Cantu, Jose Perez, Roberto Rivera, Martin Guerrero, Martin Guerrero Jr., Elizabeth Guerrero, Nokeni Magana, Alejandra Magana, Hector Magana Jr., Norma Magana, Agustin Martinez, Amalia Martinez, Isaac Martinez, Israel Martinez, Barbara Martinez, Victor Reyes, Brenda Aguilar, Maria Del Carmen Rodriguez, Arandu Rodriguez, Santiago Rodriguez, Elisa Rodriguez, Maria Rodriguez, Lino Rendon, Maria Rendon, Daniel Rendon, Martin Valdez, Maria de la Luz Valdez, Alvaro Valdez, Oscar Valdez, Martin Valdez Jr., Efrain Ortiz Jr., Marissa Martinez, Blas Martinez, Consuelo Martinez, Vanessa Martinez, Jose Manuel Rivas Sr., Jose Manuel Rivas Jr., Ricardo Rivera, Maria Arcadea Rivera, Julian Rivera, Gregorio Velazquez, Gisela Velasquez, Erika Velazquez, Rafael Velazquez, Roel Velazquez, Lilia Villarreal, Juan Lucio Villarreal, Veronica Villarreal, Maria Villarreal, Maria Lilia Villarreal, Benerisa Trejo and Juan Trejo (hereafter referenced in Trisler's Answers, "the Working Plaintiffs").  Trisler denies the remaining allegations set forth in Paragraph 70 of the Complaint.

71.    Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. recruited the Working Plaintiffs in Texas to work for Defendants TRISLER and HALE detasseling corn in Illinois, as set forth herein below.

**ANSWER:**   Trisler admits that Juan San Miguel recruited the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, to work at Trisler Seed Farms, Inc., to detassel corn.  Trisler denies the remaining allegations set forth in Paragraph 71 of the Complaint.

72.     When recruiting the Working Plaintiffs, Defendant JUAN SAN MIGUEL failed to exhibit to the Working Plaintiffs an original or certified copy of his certificate of registration as a farm labor contractor issued by the IDOL.

**ANSWER:**   Trisler denies the allegations set forth in Paragraph 72 of the Complaint.

73.     When recruiting the Working Plaintiffs, Defendant YOLANDA SAN MIGUEL SR. failed to exhibit to the Working Plaintiffs an original or certified copy of her certificate of registration as a farm labor contractor issued by the IDOL.

**ANSWER:**   Trisler denies the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. promised Plaintiffs that they would:  a) work from late June to early August detasseling corn, b) work 7 days per week, c) work 10 to 14 hours per day, d) earn $6.00 to $6.50 per hour, and e) be provided with decent and fully furnished housing with air conditioning.

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 74 of the Complaint, and therefore denies the allegations.

75.     Plaintiffs accepted the Defendants' offer of employment, as well as entered into the work agreement, in the State of Texas.

**ANSWER:**    Trisler admits that certain of the Plaintiffs were recruited for employment with Trisler in the State of Texas and provided documentation relating to such employment, but is without knowledge or information sufficient to form a belief as to where those Plaintiffs entered into any work agreement and therefore denies that allegation.  Trisler further denies the remaining allegations set forth in Paragraph 75 of the Complaint.

76.    After the Working Plaintiffs accepted the Defendants' offer of employment, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. gave the Working Plaintiffs some forms to sign, which they did.

**ANSWER:**    Trisler admits that Juan San Miguel provided the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, with appropriate documentation relating to the work for Trisler for which they had been recruited and that those individuals signed the documents as required.  Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 76 of the Complaint, and therefore denies the allegations.

77.    The Working Plaintiffs were not given copies of the forms that they signed.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 77 of the Complaint, and therefore denies the allegations.

78.    At all times relevant to this lawsuit, Defendants TRISLER and HALE were the employers of the Working Plaintiffs.

**ANSWER:**     Trisler admits that the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, worked at Trisler Seed Farm, Inc., to detassel corn during the 2001 season. Trisler denies the remaining allegations set forth in Paragraph 78 of the Complaint.

79.     Relying on Defendants' promises, all Plaintiffs packed their belongings and left their homes in Texas and traveled north to Illinois to perform the agreed-upon agricultural work.

**ANSWER:**     Trisler admits that the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, performed the agriculture work for which they had been recruited, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 79 of the Complaint, and therefore denies the allegations.

80.     All Plaintiffs arrived in Illinois in late June 2001.

**ANSWER:**     Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 80 of the Complaint, and therefore denies the allegations.

81.     The Plaintiffs were not given the specific address where they were supposed to report for work, and were required to call Defendant JUAN SAN MIGUEL to ascertain the location of their housing.

**ANSWER:**     Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 81 of the Complaint, and therefore denies the allegations.

82.    When the Plaintiffs arrived, most of the apartments were not ready for occupancy.

**ANSWER:**    Trisler admits that when certain of the Plaintiffs arrived several days before they were scheduled to arrive for work, the housing that had been arranged for them was not ready for occupancy and that Trisler assisted those individuals in quickly locating suitable housing, but denies the remaining allegations set forth in Paragraph 82 of the Complaint.

83.    Consequently, many Plaintiffs were forced to stay with other families, in hotels, or at other locations until the apartments were ready.

**ANSWER:**    Trisler admits that when certain of the Plaintiffs arrived several days before they were scheduled to arrive for work, the housing that had been arranged for them was not ready for occupancy and that Trisler assisted those individuals in quickly locating suitable housing, but denies the remaining allegations set forth in Paragraph 83 of the Complaint.

84.    Acting on behalf of and as agents for Defendants TRISLER and HALE, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. made false and misleading statements to Plaintiffs in Texas, either directly or through their authorized agents and employees, regarding the terms and conditions of housing in that, inter alia, Defendants promised Plaintiffs that they would be provided with decent and fully furnished housing with air conditioning.

**ANSWER:**    Trisler admits that Juan San Miguel was authorized to promise individuals recruited to work for Trisler housing that conformed with the requirements of applicable law and that such housing was provided, but is without knowledge or information sufficient to form a belief as to

the remaining allegations set forth in Paragraph 84 of the Complaint, and therefore denies the allegations.

85.    Defendants housed most Plaintiffs in apartments without any furniture, except for a stove and a refrigerator.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 85 of the Complaint.

86.    For the first few days, many Plaintiffs had to sleep on the floor. Eventually, most Plaintiffs were given mattresses that were filthy and smelled of urine.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 86 of the Complaint.

87.    The apartments had no screens on the windows, and were infested with roaches and other insects.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 87 of the Complaint.

88.    There were no lights in the apartments, except in the closets.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 88 of the Complaint.

89.    There was no air conditioning in the apartments.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 89 of the Complaint.

90.    Defendants failed to comply with state and federal labor protection standards for housing.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 90 of the Complaint.

91.      The housing in which Plaintiffs resided in Illinois did not comply with federal safety and health requirements.

**ANSWER:**      Trisler denies the allegations set forth in Paragraph 91 of the Complaint.

92.      The housing in which Plaintiffs resided in Illinois did not comply with state safety and health requirements.

**ANSWER:**      Trisler denies the allegations set forth in Paragraph 92 of the Complaint.

93.      Acting on behalf of and as agents for Defendants TRISLER and HALE, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. made false and misleading statements to the Working Plaintiffs in Texas, either directly or through their authorized agents and employees, regarding the terms and conditions of employment and wages in that, inter alia, Defendants promised the Working Plaintiffs that they would:  a) work from late June to early August detasseling corn, b) work 7 days per week, c) work 10 to 14 hours per day, and d) earn $6.00 to $6.50 per hour.

**ANSWER:**      Trisler admits that it advised Juan San Miguel that the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, would work for approximately four weeks, beginning approximately in late June and ending approximately in early August, up to 7 days per week, earning between $5.50 and $6.00 per hour, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 93 of the Complaint, and therefore denies the allegations.

94.      The Working Plaintiffs started working for Defendants TRISLER and HALE in late June 2001, and were given work for approximately five weeks.

**ANSWER:**    Trisler admits that the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, started working at Trisler Seed Farm, Inc., in late June 2001, and worked for approximately five weeks.  Trisler denies the remaining allegations set forth in Paragraph 94 of the Complaint.

95.    The Working Plaintiffs consistently worked less than 7 days per week and less than 10 to 14 hours per day.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 95 of the Complaint.

96.    Although the Working Plaintiffs expected to earn between $2,000 and $3,000 for the season, most of the Working Plaintiffs earned between $1,000 and $1,500.

**ANSWER:**    Trisler admits that the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, earned between $1,200 and $1,500 during the 2001 season, but denies the remaining allegations set forth in Paragraph 97 of the Complaint.

97.    The Working Plaintiffs were transported by Defendant YOLANDA SAN MIGUEL JR.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 97 of the Complaint.

98.    The Working Plaintiffs were required to use buses to get transported to and from the various fields, but were not compensated for the travel time.

**ANSWER:**    Trisler admits that it provided the Working Plaintiffs, free of charge, with bus transportation, but denies the remaining allegations set forth in Paragraph 98 of the Complaint.

99.     Because Defendants did not pay the Working Plaintiffs for all hours worked, there were weeks when some Working Plaintiffs did not earn the federal minimum wage of $5.15 per hour.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 99 of the Complaint.

100.     During the course of the Working Plaintiffs' employment, Defendants failed to keep accurate time and other payroll records.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 100 of the Complaint.

101.     Defendants did not at any time give the Working Plaintiffs a written statement of the terms and conditions of employment.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 101 of the Complaint.

102.     Defendants failed to comply with federal labor protection standards for field sanitation.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 102 of the Complaint.

103.     Drinking water in the fields was allowed to rise to very high temperatures, and was dirty. Many times, the water was yellow or brown in color.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 103 of the Complaint.

104.     Sometimes, the drinking water would run out, but the Working Plaintiffs were required to finish working.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 104 of the Complaint.

105.    In the fields, there were only four bathrooms for approximately 150 workers.

**ANSWER:**    Trisler admits that there were at least four bathrooms to service the fields in which the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, worked during the 2001 season, but denies the remaining allegations set forth in Paragraph 105 of the Complaint.

106.    The bathrooms were cleaned 1 to 2 times in the entire season, there was rarely any toilet paper, and there were no hand washing facilities.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 106 of the Complaint.

107.    The bathrooms and the drinking water were kept by the buses at the beginning of the rows.  The Working Plaintiffs needed to walk a complete row, which is between 1 to 1.5 miles long, in order to use the bathrooms or to drink the water.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 107 of the Complaint.

108.    The Working Plaintiffs did not receive any protective glasses or gloves.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 108 of the Complaint.

109.    Children as young as 10 years old worked under the conditions listed in paragraphs 93 through 108.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 109 of the Complaint.

110.    At no time during the Working Plaintiffs' employment did Defendants conspicuously post at the site of the Working Plaintiffs' employment the rights and protections afforded to migrant agricultural workers under AWPA.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 110 of the Complaint.

111.    At no time during the Working Plaintiffs' employment did Defendants post in a conspicuous place or present to Plaintiffs a statement of the terms and conditions of their farm labor housing.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 111 of the Complaint.

112.    All of the actions and omissions set forth in the paragraphs above were undertaken by Defendants either directly or through their agents.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 112 of the Complaint.

### Facts Pertaining to Plaintiffs LILIA VILLARREAL, JUAN LUCIO VILLARREAL, VERONICA VILLARREAL, MARIA VILLARREAL, MARIA LILIA VILLARREAL, BERENISA TREJO, and JUAN TREJO ("the Villarreal/Trejo Plaintiffs")

113.    The Villarreal/Trejo Plaintiffs arrived in Illinois in late June 2001.

**ANSWER:**    Upon information and belief, Trisler admits the allegations set forth in Paragraph 113 of the Complaint.

114.    After being forced to sleep on the floor of their apartment, Plaintiff LILIA VILLARREAL, on behalf of herself and the rest of the Villarreal/Trejo Plaintiffs, asserted her rights under AWPA to housing that complied with federal and state safety and health requirements.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 114 of the Complaint.

115.    The following day, Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., YOLANDA SAN MIGUEL JR., and their agents began to systematically discriminate against the Villarreal/Trejo Plaintiffs.

**Answer and Affirmative Defenses of Defendants**
**Trisler Seed Farms, Inc. and T.J.Hale - Page 31**

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 115 of the Complaint.

116.    The Villarreal/Trejo Plaintiffs were constantly harassed, humiliated, and treated disrespectfully.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 116 of the Complaint.

117.    On one occasion, Defendant YOLANDA SAN MIGUEL JR. swerved her truck at Plaintiff MARIA VILLARREAL, who was on foot, and barely missed her.

**ANSWER:**    Trisler is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 117 of the Complaint, and therefore denies the allegations.

118.    Eventually, the Villarreal/Trejo Plaintiffs were fired and told to vacate their apartment.

**ANSWER:**    Trisler admits that the Villarreal/Trejo Plaintiffs were terminated for fighting and other misconduct and asked to vacate their apartment following the termination of their employment, but denies the remaining allegations set forth in Paragraph 118 of the Complaint.

119.    At all relevant times, Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. acted on behalf of and as agents for Defendants TRISLER and HALE.

**ANSWER:**    Trisler admits that Juan San Miguel, Yolanda San Miguel Sr., and Yolanda San Miguel Jr. were employed by Trisler in a supervisory capacity and that they acted as agents for Trisler within the scope of their employment.  Trisler further admits that Juan San Miguel was

employed as labor recruiter for the Summer 2001 season. Trisler denies the remaining allegations set forth in Paragraph 119 of the Complaint, and specifically deny that those individuals engaged in any misconduct relating to their employment.

## COUNT I:  AWPA VIOLATIONS

120.     This Count sets forth claims by all Plaintiffs against all Defendants for monetary, declaratory, and injunctive relief under AWPA.

**ANSWER:**     Trisler admits the allegations set forth in Paragraph 120 of the Complaint, but denies that Plaintiffs are entitled to any monetary, declaratory, injunctive or other relief.

121.     Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1 through 119.

**ANSWER:**     Trisler realleges and incorporates by reference the answers set forth above to Paragraphs 1 through 119 of the Complaint.

122.     By their actions and omissions described above, Defendants violated the rights of all Plaintiffs under AWPA in that they:

   (a)     failed to post in a conspicuous place or present to Plaintiffs a statement of the terms of their farm labor housing, in violation of 29 U.S.C. § 1822(c) and (g);

   (b)     failed to ensure that the housing provided to plaintiffs complied with federal and State of Illinois safety and health standards, in violation of 29 U.S.C. § 1823(a);

   (c)     failed to acquire certification that applicable safety and health standards were met, in violation of 29 U.S.C. § 1823(b).

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 122 of the Complaint.

123.     By their actions and omissions described above, Defendants violated the rights of the Working Plaintiffs under AWPA in that they:

    (a)     failed to conspicuously post at the site of Plaintiffs' employment the rights and protections afforded to migrant agricultural workers under AWPA, in violation of 29 U.S.C. § 1821(b) and (g);

    (b)     failed to make and keep proper records reflecting all hours worked, in violation of 29 U.S.C. § 1821(d);

    (c)     knowingly provided false and misleading information concerning the terms, conditions or existence of agricultural employment, in violation of 29 U.S.C. § 1821(f);

    (d)     failed to pay wages owed to Plaintiffs, in violation of 29 U.S.C. § 1822(a);

    (e)     violated without justification the terms of the working arrangements made with Plaintiffs, in violation of 29 U.S.C. § 1822(c);

    (f)     violated the rights of the Working Plaintiffs under AWPA in that they failed to provide the Working Plaintiffs at the time of their recruitment with a written statement of the terms and conditions of employment, in violation of 29 U.S.C. § 1821(a) and (g).

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 123 of the Complaint.

124.     Defendant JUAN SAN MIGUEL violated the rights of all Plaintiffs when he engaged in housing and transporting workers without registering with the USDOL for those farm labor contracting activities, in violation of 29 U.S.C. § 1811(a).

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 124 of the Complaint.

125.     Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. violated the rights of all Plaintiffs when they engaged in farm labor contracting activities without possessing valid certificates of registration from the USDOL, in violation of 29 U.S.C. § 1811(a).

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 125 of the Complaint.

126.     Defendant JUAN SAN MIGUEL violated the rights of all Plaintiffs when he hired, employed, or used individuals (e.g., his family members) to perform farm labor contracting activities, when those individuals did not possess a valid certificate of registration from the USDOL authorizing such activities, in violation of 29 U.S.C. § 1811(b).

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 126 of the Complaint, and therefore denies the allegations.

127.     Defendants TRISLER and HALE violated the rights of all Plaintiffs when they utilized the services of farm labor contractors to perform certain farm labor contracting activities, without first ascertaining whether the contractors were properly authorized by USDOL to perform those activities, in violation of 29 U.S.C. § 1842.

**ANSWER:**   Trisler denies the allegations set forth in Paragraph 127 of the Complaint.

128.     Defendants TRISLER, HALE, JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. violated the rights of the Villarreal/Trejo Plaintiffs when they intimidated, threatened, discriminated against, and discharged them, in violation of 29 U.S.C. § 1855.

**ANSWER:**   Trisler denies the allegations set forth in Paragraph 128 of the Complaint.

129.     The violations of AWPA complained of in paragraphs 1 through 128 were the natural consequences of the conscious and deliberate actions of Defendants, and thus were intentional within the meaning of AWPA, 29 U.S.C. § 1854.

**ANSWER:**   Trisler denies the allegations set forth in Paragraph 129 of the Complaint.

130.    Prior to instituting this action and in consideration of 29 U.S.C. § 1854(c)(2), Plaintiffs and their attorneys attempted to resolve their claims against Defendants without resort to litigation. These efforts were unsuccessful.

**ANSWER:**    Trisler admits that the Plaintiffs and their attorneys contacted Trisler before filing this action, and that Plaintiffs and their attorneys received, but failed to respond to, a good faith offer by Trisler to settle the action almost a full year prior to the filing of this action. Trisler denies the remaining allegations set forth in Paragraph 130 of the Complaint.

## COUNT II: FLSA VIOLATIONS

131.    This Count sets forth claims by the Working Plaintiffs against all Defendants for monetary, declaratory, and injunctive relief.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 131 of the Complaint, but denies that Plaintiffs are entitled to any monetary, declaratory, injunctive or other relief.

132.    The Working Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

**ANSWER:**    Trisler realleges and incorporates by reference the answers set forth above to Paragraphs 1 through 119 of the Complaint.

133.    By shorting hours and failing to pay for traveling time as described above, Defendants compensated some Working Plaintiffs at a rate of less than $5.15 per hour in the course of some workweeks, in violation of the minimum wage provisions of FLSA, 29 U.S.C. § 206(a).

**Answer and Affirmative Defenses of Defendants
Trisler Seed Farms, Inc. and T.J.Hale - Page 36**

**ANSWER:**   Trisler denies the allegations set forth in Paragraph 133 of the Complaint.

134.   Defendants' violation of the minimum wage provision of FLSA was willful within the meaning of 29 U.S.C. § 255.

**ANSWER:**   Trisler denies the allegations set forth in Paragraph 134 of the Complaint.COUNT

## COUNT III:  IFLCCA VIOLATIONS

135.   This Count sets forth a claim by all Plaintiffs against all Defendants for monetary damages and for declaratory and injunctive relief under IFLCCA.

**ANSWER:**   Trisler admits the allegations set forth in Paragraph 135 of the Complaint, but denies that Plaintiffs are entitled to any monetary, declaratory, injunctive or other relief.

136.   Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 119.

**ANSWER:**   Trisler realleges and incorporates by reference the answers set forth above to Paragraphs 1 through 119 of the Complaint.

137.   By their actions and omissions as described above, Defendants YOLANDA SAN MIGUEL SR. and YOLANDA SAN MIGUEL JR. violated the rights of Plaintiffs under IFLCCA in that they acted as a farm labor contractor in the State of Illinois without first obtaining a certificate of registration issued by the Director of the Illinois Department of Labor, in violation of IFLCCA, 225 ILCS 505/3;

**Answer and Affirmative Defenses of Defendants**
**Trisler Seed Farms, Inc. and T.J.Hale - Page 37**

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 137 of the Complaint, and therefore denies the allegations.

138.    By their actions and omissions as described above, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. violated the rights of Plaintiffs under IFLCCA in that they failed to file with the Illinois Department of Labor a statement containing information required by IFLCCA, in violation of IFLCCA, 225 ILCS 505/9(a).

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 138 of the Complaint, and therefore denies the allegations.

139.    By their actions and omissions described above, Defendants JUAN SAN MIGUEL and YOLANDA SAN MIGUEL SR. violated the rights of Plaintiffs under IFLCCA in that they failed to disclose to Plaintiffs at the time of their recruitment a written statement containing the location of employment, the crops and operation involved, the rate of compensation or wages, and the other information required to be disclosed under IFLCCA , 225 ILCS 505/9(b).

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 139 of the Complaint.

140.    By their actions and omissions described above, Defendants JUAN SAN MIGUEL, YOLANDA SAN MIGUEL SR., and YOLANDA SAN MIGUEL JR. violated the rights of all Plaintiffs under IFLCCA in that they:

   (a)    failed to exhibit or provide to Plaintiffs a copy of their Illinois farm labor contractor certificates, in violation of IFLCCA, 225 ILCS 505/8(a);

    (b)     failed to comply with the terms and conditions of employment, in violation of IFLCCA, 225 ILCS 505/8(c);

    (c)     failed to display at the work site and in the vehicles in which Plaintiffs were transported a written statement in English and Spanish showing the rate of compensation farm labor contractors received from TRISLER and the rate of compensation to be paid to Plaintiffs and other farm workers, in violation of IFLCCA, 225 ILCS 505/8(d).

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 140 of the Complaint.

## COUNT IV: MWL VIOLATIONS

141.    This Count sets forth claims by the Working Plaintiffs against all Defendants for monetary, declaratory, and injunctive relief under the MWL.

**ANSWER:**    Trisler admits the allegations set forth in Paragraph 141 of the Complaint, but denies that Plaintiffs are entitled to any monetary, declaratory, injunctive or other relief.

142.    Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

**ANSWER:**    Trisler realleges and incorporates by reference the answers set forth above to Paragraphs 1 through 119 of the Complaint.

143.    By shorting hours and by failing to pay for traveling time as described above, Defendants compensated the Working Plaintiffs at an average rate of less than $5.15 per hour in the course of various workweeks in violation of the minimum wage provisions of the MWL, 820 ILCS 105/4.

**ANSWER:**    Trisler denies the allegations set forth in Paragraph 143 of the Complaint.

## COUNT V: VIOLATIONS OF THE IWPCA

144.     This count sets forth a claim by the Working Plaintiffs against all Defendants for monetary, declaratory, and injunctive relief under the IWPCA.

**ANSWER:**     Trisler admits the allegations set forth in Paragraph 141 of the Complaint, but denies that Plaintiffs are entitled to any monetary, declaratory, injunctive or other relief.

145.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

**ANSWER:**     Trisler realleges and incorporates by reference the answers set forth above to Paragraphs 1 through 119 of the Complaint.

146.     By failing to pay the Working Plaintiffs for all of the hours the Working Plaintiffs worked, Defendants violated the Working Plaintiffs' rights under the IWPCA in that they failed to pay the Working Plaintiffs all wages earned, in violation of 820 ILCS 115/3.

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 146 of the Complaint.

147.     By failing to pay the Working Plaintiffs' wages owed immediately upon termination, Defendants violated the Working Plaintiffs' rights under the IWPCA in that they failed to pay the Working Plaintiffs' final compensation at the time of separation of employment, in violation of 820 ILCS 115/5.

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 147 of the Complaint.

## COUNT VI: BREACH OF CONTRACT

148.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

**ANSWER:**     Trisler realleges and incorporates by reference the answers set forth above to Paragraphs 1 through 119 of the Complaint.

149.     Defendants entered into a contract with the Working Plaintiffs in the spring of 2001 in the State of Texas. Specifically, the Defendants offered agricultural work to the Working Plaintiffs under certain terms and conditions, and the Working Plaintiffs accepted such offer.

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 149 of the Complaint.

150.     The Working Plaintiffs fully complied with their obligations under the contract by refraining from other employment opportunities, packing their belongings, and leaving their homes to travel to Illinois where they did perform their detasseling work agreed upon.

**ANSWER:**     Trisler admits that the Working Plaintiffs, as defined in its Answer to Paragraph 70 of the Complaint, performed detasseling work for Trisler during the 2001 season, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 150 of the Complaint, and therefore denies the allegations.

151.     The Defendants violated the promised terms and conditions of employment, as laid out in the contract.

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 151 of the Complaint.

152.     The Working Plaintiffs suffered monetary damages as a result of such breach of contract.

**ANSWER:**     Trisler denies the allegations set forth in Paragraph 152 of the Complaint.

## COUNT VII: ASSAULT·

153.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 119.

**ANSWER:**   Trisler realleges and incorporates by reference the answers set forth above to Paragraphs 1 through 119 of the Complaint.

154.     Defendant YOLANDA SAN MIGUEL JR. had the intent to create in Plaintiff MARIA VILLARREAL the apprehension of immediate harmful contact when she swerved at Plaintiff MARIA VILLARREAL while driving approximately 20 miles per hour.

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 154 of the Complaint, and therefore denies the allegations.

155.     Defendant YOLANDA SAN MIGUEL JR.'s actions created in Plaintiff MARIA VILLARREAL a reasonable apprehension of immediate harmful contact when the vehicle barely missed her.

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 155 of the Complaint, and therefore denies the allegations.

156.     It was apparent to Plaintiff MARIA VILLARREAL that Defendant YOLANDA SAN MIGUEL JR. had the present ability to carry out the harmful contact.

**ANSWER:**   Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 156 of the Complaint, and therefore denies the allegations.

157.    Plaintiff MARIA VILLARREAL was injured as a result of the apprehension of immediate harmful contact.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 157 of the Complaint, and therefore denies the allegations.

158.    Defendant YOLANDA SAN MIGUEL JR.'s actions were the direct and proximate cause of Plaintiff MARIA VILLARREAL's injury.

**ANSWER:**    Trisler is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 158 of the Complaint, and therefore denies the allegations.  Further answering, Trisler specifically controverts the prayer for relief set forth below Paragraph 158 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs have failed to state a claim upon which relief can be granted because they have received proper payment for all hours worked in accordance with the Fair Labor Standards Act, the Portal to Portal Act, the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

2.    Trisler at all times conducted itself in good faith to believe that it was in compliance with the requirements of all applicable laws, including the Agricultural Worker Protection Act, the Farm Labor Contractor Certification Act, the Fair Labor Standards Act, the Portal to Portal Act, the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act.

**Answer and Affirmative Defenses of Defendants**
**Trisler Seed Farms, Inc. and T.J.Hale - Page 43**

3.    To the extent that Yolanda San Miguel Jr. engaged in any conduct amounting to the alleged assault, such conduct fell outside the scope of her employment with Trisler.

WHEREFORE, having fully answered, Defendants Trisler Seed Farms, Inc. and T. J. Hale, respectfully request that Plaintiffs' Complaint be dismissed, with prejudice, and without any costs assessed against Defendant, and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

By:_____

Rex N. Leach
State Bar No. 12086300
Federal I.D. No. 8244
Valorie C. Glass
State Bar No. 00784135
Federal I.D. 15303
P. O. Box 3725
McAllen, Texas  78502-3725
Tel:    (956) 682-5501
Fax:    (956) 686-6109
Attorney in Charge for Defendants

Of Counsel:
Victoria L. Donati
Jason Kim
NEAL, GERBER & EISENBERG
Two North LaSalle Street, Ste. 2200
Chicago, Illinois  60602
Telephone:  (312) 269-8000
Telecopier: (312) 269-1747

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 7th, 2003, he/she served Plaintiffs' counsel of record with a copy of the foregoing **Answer And Affirmative Defenses of Defendants Trisler Seed Farm, Inc. and T.J. Hale**, by certified mail, return receipt requested, addressed as follows:

> Rodolfo D. Sanchez
> Nathaniel Norton
> Texas Rural Legal Aid, Inc.
> 300 South Texas
> Weslaco, TX 78596
>
> Vincent H. Beckman, III
> Illinois Migrant Legal Assistance Project
> Legal Assistance Foundation of Metropolitan Chicago
> 407 S. Dearborn, Suite 350
> Chicago, IL 60605

Rex N. Leach