*16*

```
                                            United States District Court
                                            Southern District of Texas
         UNITED STATES DISTRICT COURT              FILED
          SOUTHERN DISTRICT OF TEXAS
             BROWNSVILLE DIVISION             MAY 2 3 2003

                                              Michael N. Milby
PROCOPIO RODRIGUEZ, et al.     )              Clerk of Court
                               )
         Plaintiffs,           )  Civil Action No. B-03-034
                               )
vs.                            )  JURY TRIAL REQUEST
                               )
TRISLER SEED FARMS, INC., et al. )
                               )
         Defendants.           )
```

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    **The meeting was held on May 20 in the offices of Atlas & Hall, LLP and was attended by Rex Leach, attorney for Defendants Trisler Seed Farms, Inc. and T.J. Hale and by Rodolfo Sanchez and Nathaniel Norton, attorneys for Plaintiffs.**
    **Defendants Juan San Miguel, Yolanda San Miguel Sr., and Yolanda San Miguel Jr. did not participate in the meeting as they have not filed answers or otherwise entered an appearance in this case. Plaintiffs have filed an Opposed Motion for Entry of Default as to Defendants Juan San Miguel and Yolanda San Miguel Sr. Plaintiffs do not know Defendant Yolanda San Miguel Jr.'s age, but suspect she is a minor. Plaintiffs' intend to file a motion for entry of default with respect to her if and when we find out that she has reached majority.**

2.  List the cases related to this one that are pending in any state of federal court with the case number and the court.

    **None.**

3.  Specify the allegation of federal jurisdiction.

    **29 U.S.C. § 1854(a) (AWPA)**
    **29 U.S.C. § 216(b) (FLSA)**
    **28 U.S.C. § 1331 (federal question)**
    **28 U.S.C. § 1337 (interstate commerce)**
    **28 U.S.C. § 1367 (supplemental jurisdiction over state law claims)**

4.  Name the parties who disagree and the reasons.

**Plaintiffs and Defendant Trisler Seed Farms, Inc. and Defendant T.J. Hale agree with the Plaintiffs' allegations of federal jurisdiction.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **At present, there are no other parties known to the parties. Plaintiffs are aware of other persons with similar claims, but those individuals are not currently clients.**

6. List anticipated interventions.

   **There are none presently known.**

7. Describe class-action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a)

   **As required by Rule 26(a), Plaintiffs and Defendants represented at the Rule 26(f) meeting will make initial disclosures under Rule 26(a) within fourteen days of this Rule 26(f) conference.**

9. Describe the proposed agreed discovery plan, including:

   1. Responses to all the matters raised in Rule 26(f).

      **None.**

   2. When and to whom the plaintiff anticipates it may send interrogatories.

      **Plaintiffs intend to send interrogatories to each of the Defendants within 60 days after the Rule 26(f) meeting.**

   3. When and to whom the defendant anticipates it may send interrogatories.

      **Defendants intend to send interrogatories to the Plaintiffs within 60 days after the Rule 26(f) meeting.**

   4. Of whom and by when the plaintiff anticipates taking oral depositions.

      **Plaintiffs anticipate that they will take oral depositions of one or more of the following persons: defendants, forepersons, employees, and corporate officers of Defendant Trisler Seed Farms, Inc., and other persons whose identity is made known to Plaintiffs in the course of discovery. Plaintiffs**

>  anticipate completing oral depositions in this case within 300 days after the initial scheduling conference.

5. Of whom and by when the defendant anticipates taking oral depositions.

   **Defendants anticipates that they will take oral depositions of each of the Plaintiffs and anticipate completing depositions within 300 days after the initial scheduling conference.**

6. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

   **At this time, the parties do not anticipate the need to use expert witnesses.**

7. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   **No experts anticipated at this time.**

8. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   **No experts anticipated at this time.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties are agreed.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **There has been none.**

12. State the date the planned discovery can reasonably be completed.

    **Plaintiffs believe that discovery can be completed 300 days after the initial scheduling conference.**

13. Describe the possibilities for a prompt settlement of resolution of the case that were discussed in your Rule 26(f) meeting.

    **Prior to filing this lawsuit, Plaintiffs sent written correspondence to the Defendants in an attempt to resolve these claims, but were unable to do so. Parties are willing to**

discuss the possibility of settlement as the case progresses.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **Prior to filing this lawsuit, Plaintiffs sent written correspondence to the Defendants in an attempt to resolve these claims, but were unable to do so. Parties are willing to discuss the possibility of settlement as the case progresses.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

   **The parties agree that alternative dispute resolution techniques may be appropriate if, after discovery, the parties are unable to reach a settlement. The parties will consider this topic again as the case progresses.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **The parties are amenable to a trial before a magistrate judge.**

17. State whether a jury demand has been made and if it was made on time.

   **Plaintiffs have made a timely demand for a jury.**

18. Specify the number of hours it will take to present the evidence in this case.

   **The parties estimate that it will take 80 hours to try this case.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **Opposed Motion for Entry of Default as to Defendants Juan San Miguel and Yolanda San Miguel Sr.**

20. List other motions pending.

   **None.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **It is most likely that many of the Plaintiffs will migrate from their homes to work during part of this litigation.**
   **After filing this lawsuit, Plaintiffs were contacted by an attorney who represented Defendants Juan San Miguel and Yolanda San Miguel Sr. in a Chapter 7 bankruptcy**

(Bankruptcy Case No. 02-70099-M-7). Juan and Yolanda San Miguel Sr. received a discharge in August 2002. In the communication the Plaintiffs were told by the San Miguels' bankruptcy attorney that even though none of the Plaintiffs received notice of the bankruptcy, the discharge had been effective to the claims plead in this lawsuit. The parties seek the Court's guidance on this issue.

22.  List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiffs:**

**Rodolfo Sanchez**
Texas Bar No. 17572100
S.D. No. 12600
**TEXAS RURAL LEGAL AID, INC.**
300 South Texas
Weslaco, TX 78596
Ph: 956-968-9574
Fax: 956-968-8823
**Attorney-in-Charge for Plaintiffs**

**Nathaniel Norton**
Texas Bar No. 24037196
S.D. No. 33422
**TEXAS RURAL LEGAL AID, INC.**
300 South Texas
Weslaco, TX 78596
Ph: 956-968-9574
Fax: 956-968-8823
**Co-Counsel for Plaintiffs**

**Vincent H. Beckman, III**
Illinois Bar No. 0152803
Admitted Pro Hac Vice
**ILLINOIS MIGRANT LEGAL ASSISTANCE PROJECT**
**LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAGO**
407 S. Dearborn, Suite 350
Chicago, Illinois 60605
Ph: 312-423-5901
Fax: 312-427-0381
**Co-Counsel for Plaintiffs**

**Counsel for Defendants Trisler Seed Farms, Inc. and T.J. Hale:**

Rex N. Leach
State Bar No. 12086300
Federal I.D. No. 8244
P.O. Box 3725
McAllen, TX 78502-3725
Tel. 956-682-5501
Fax. 956-686-6109
**Attorney in Charge for Defendants**

Valorie C. Glass
State Bar No. 00784135
Federal I.D. No. 15303
P.O. Box 3725
McAllen, TX 78502-3725
Tel. 956-682-5501
Fax. 956-686-6109
**Co-Counsel for Defendants**

Victoria Donati
Neal, Gerber & Eisenberg
2 N. LaSalle St., Ste. 2200
Chicago, IL 60602
Tel. 312-269-8000
Fax. 312-269-1747
**Of Counsel for Defendants**

Jason Kim
Neal, Gerber & Eisenberg
2 N. LaSalle St., Ste. 2200
Chicago, IL 60602
Tel. 312-269-8000
Fax. 312-269-1747
**Of Counsel for Defendants**

Respectfully submitted,

*[signature]*

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
TEXAS RURAL LEGAL AID, INC.
300 South Texas
Weslaco, TX 78596
Ph: 956-968-9574
Fax: 956-968-8823
Co-Counsel for Plaintiffs

*[signature]*

Rex N. Leach
State Bar No. 12086300
Federal I.D. No. 8244
P.O. Box 3725
McAllen, TX 78502-3725
Tel. 956-682-5501
Fax. 956-686-6109
Attorney in Charge for Defendants

CERTIFICATE OF SERVICE

I, Nathaniel Norton, certify on the 23rd day of May, 2003, that a true and correct copy of this Joint Discovery/Case Management Plan Under Rule 26(f) was sent certified mail / return receipt requested to Rex Leach and Valorie Glass and to Victoria Donati and Jason Kim, attorneys for Defendants Trisler Seed Farms, Inc. and T.J. Hale. Defendants Juan San Miguel, Yolanda San Miguel Sr., and Yolanda San Miguel Jr. were not served because they are in default for failure to appear.

*[signature]*

Nathaniel Norton