# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **PROCOPIO RODRIGUEZ, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. B-03-034** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TRISLER SEED FARMS, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' ORIGINAL ANSWER TO COMPLAINT, FRCP 26 INITIAL DISCLOSURES, ANSWERS TO INTERROGATORIES, AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS WITH SUPPORTING AUTHORITIES

COME NOW Plaintiffs, Procopio Rodriquez, et al., pursuant to Rule 37 of the Federal Rules of Civil Procedure (FRCP), and move this Court for an order requiring that Defendants Juan San Miguel Sr., Yolanda San Miguel Sr., and Yolanda San Miguel Jr., provide: an Original Answer to Plaintiffs Original Complaint; FRCP Rule 26 Initial Disclosures; answers to interrogatories; and responses to requests for Production of Documents. In support of this motion, Plaintiffs respectfully show as follows:

1. This lawsuit was filed on February 7, 2003. There are five named Defendants: Trisler Seed Farms, Inc.; T.J. Hale; Juan San Miguel; Yolanda San Miguel, Sr.; and Yolanda San Miguel Jr. In this motion, the Plaintiffs only seek an order compelling the San Miguel Defendants (Juan San Miguel, Yolanda San Miguel Sr., and Yolanda San Miguel Jr.) to cooperate in the discovery phase of this case.

2. The San Miguel Defendants were each personally served with a copy of the lawsuit and each defendant has appeared pro se in this matter;[1] however, none of the San Miguel Defendants have filed a written answer to the Original Complaint. Likewise, none of the San Miguel Defendants have provided Plaintiffs with FRCP 26 Initial Disclosures.

3. On April 1, 2004 the Plaintiffs served Juan San Miguel with Plaintiffs' First Set of Interrogatories to Defendant Juan Miguel. A true and correct copy is attached as Exhibit A and incorporated by reference for all purposes. Pursuant to FRCP 33 responses to this discovery were due on May 3, 2004.

4. On April 1, 2004 the Plaintiffs served Yolanda San Miguel Sr., with Plaintiffs First' Set of Interrogatories to Defendant Yolanda San Miguel Sr. A true and correct copy is attached as Exhibit B and incorporated by reference for all purposes. Pursuant to FRCP 33 responses to this discovery were due on May 3, 2004.

5. On May 26, 2004 Plaintiffs served Yolanda San Miguel Jr., with Plaintiffs First Set of Interrogatories Yolanda San Miguel Jr. A true and correct is attached as Exhibit C and incorporated by reference for all purposes. Pursuant to FRCP 33 responses to this discovery were due on June 28, 2004.

---

[1] After entering a pro se appearance, Juan and Yolanda San Miguel Sr., told Plaintiffs' Counsel that they had retained Roberto Guerrero to represent them in this matter. Mr. Guerrero's address is 2217 N. 23rd St., McAllen Texas 78501. Plaintiffs' counsel has spoken to Mr. Guerrero and even though Mr. Guerrero told Plaintiffs' Counsel that he represented Juan San Miguel and Yolanda San Miguel Sr., in this matter, Mr. Guerrero has not entered an appearance in this lawsuit. After being told that Juan and Yolanda Sr., had retained Mr. Guerrero, Plaintiffs directed their verbal and written communications to Mr. Guerrero. It has been over 4 months since Plaintiffs that were told that Mr. Guerrero represented Juan and Yolanda Sr., in this matter, but Mr. Guerrero still has still not entered an appearance in this action. Therefore, after serving Interrogatories on Juan and Yolanda San Miguel Sr., via Mr. Guerrero, the Plaintiffs have directed their correspondence directly to the San Miguel Defendants while continuing to provide courtesy copies to Mr. Guerrero.

6. On June 28, 2004 the Plaintiffs served Juan San Miguel with <u>Plaintiffs First Request for Production of Documents to Defendant Juan San Miguel</u>. A true and correct is attached as Exhibit D and incorporated by reference for all purposes. Pursuant to FRCP 34 responses to this discovery were due on August 2, 2004.

7. On June 28, 2004 the Plaintiffs served Yolanda San Miguel Sr., with <u>Plaintiffs' First Request for Production of Documents to Yolanda San Miguel Sr.</u> A true and correct copy is attached as Exhibit E and incorporated by reference for all purposes. Pursuant to FRCP 34 responses to this discovery were due on August 2, 2004.

8. The San Miguel Defendants have not provided Plaintiffs with answers to interrogatories and they have not provided responses to requests for production of documents.

9. Plaintiffs' Counsel has sent the San Miguel Defendants several letters asking for a response to Plaintiffs' discovery requests.[2] Plaintiffs' Counsel has also met with the San Miguel Defendants and verbally asked that they file a written answer to the Complaint and further asking them to participate in the discovery phase of this case. Despite this, the San Miguel Defendants have not participated in the discovery phase of this case.

10. As evidenced by the above, Plaintiffs have in good faith conferred or attempted to confer with the San Miguel Defendants in an effort to get them to resolve this discovery dispute. The efforts to resolve this dispute without Court intervention have not been successful.

---

[2]    Attached as Exhibit F is a letter dated May 21, 2004 to Roberto Guerrero with copies to Juan San Miguel and Yolanda San Miguel Sr. Attached as Exhibit G is a letter dated August 9, 2004 to Juan San Miguel, Yolanda San Miguel Sr., and Yolanda San Miguel Jr., with copies to Roberto Guerrero. These letters are incorporated by reference for all purposes.

WHEREFORE, Plaintiffs Procopio Rodriguez, et al., pray that this Court issue an order requiring that Defendant Juan San Miguel, Defendant Yolanda San Miguel Sr., and Defendant Yolanda San Miguel Jr.: file a written answer to Plaintiffs' Original Complaint;  provide FRCP 26 Initial Disclosures; answer without objection, Plaintiffs First Set of Interrogatories to Juan San Miguel and Yolanda San Miguel Sr.; and respond without objection to Plaintiffs' First Request for Production of Documents to each defendant.  Plaintiffs also ask pursuant to FRCP 37 that this Court impose monetary sanctions by requiring the San Miguel pay the reasonable expenses incurred in making this motion.  Plaintiffs also pray for all such other relief to which they may be entitled.

Respectfully submitted,

Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600
Texas RioGrande Legal Aid, Inc.
300 S. Texas Blvd.
Weslaco, Texas 78596
Tel.: (956) 968-9574
Fax: (956) 968-8823
Attorney in Charge for Plaintiffs

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
Texas RioGrande Legal Aid, Inc.
300 S. Texas Blvd.
Weslaco, Texas 78596
Tel.: (956) 968-9574
Fax: (956) 968-8823
Co-Counsel for Plaintiffs

Vincent H. Beckman, III
Illinois Bar No. 0152803
Admitted Pro Hac Vice
Miguel C. Keberlein Gutierrez
Illinois Bar No. 6279606
Admitted Pro Hac Vice
ILLINOIS MIGRANT LEGAL
ASSISTANCE PROJECT
LEGAL ASSISTANCE FOUNDATION
OF METROPOLITAN CHICAGO
407 S. Dearborn, Suite 350
Chicago, Illinois 60605
Tel.: (312) 423-5901
Fax: (312) 427-0381
Co-Counsel for Plaintiffs

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred or attempted to confer with the San Miguel Defendants to engage in a good faith effort to secure the requested information without court action; however, I was not able to resolve the dispute.

Rodolfo D. Sanchez

## CERTIFICATE OF SERVICE

I hereby certify that on the _16th_ day of August 2004, a true and correct copy of this document was sent via U.S. mail as indicated below to:

Juan San Miguel
900 W. Mile 10 Rd.
Weslaco, Texas 78596
CM/RRR #7002 2030 0005 5894 4476
And Via Regular U.S. Mail

Rex Leach
Atlas & Hall, LLP
818 Pecan
Weslaco, Texas 78502
 Regular U.S. Mail

Yolanda San Miguel Sr.
900 W. Mile 10 Rd.
Weslaco, Texas 78596
CM/RRR #7002 2030 0005 5894 4483
And Via Regular U.S. Mail

Jason C. Kim
Neal, Gerber, & Eisenberg
2 N. LaSalle St.
Chicago, IL 60602-3801
Via Regular U.S. Mail

Yolanda San Miguel, Jr.
900 W. Mile 10 Rd.
Weslaco, TX 78596
CM/RRR #7002 2030 0005 5894 4490
And Via Regular U.S. Mail

Roberto Guerrero
2217 N. 23rd St.
McAllen, Texas  78501
Via Regular U.S. Mail

Rodolfo D. Sanchez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PROCOPIO RODRIGUEZ, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. B-03-034 |
| | ) | |
| vs. | ) | |
| | ) | |
| TRISLER SEED FARMS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT JUAN SAN MIGUEL

TO:    Defendant Juan San Miguel, through his attorney, Roberto Guerrero, 2217 N. 23rd St., McAllen, Texas 78501.

Pursuant to Fed. R. Civ. P. 26 and 33 Plaintiffs request that the above-named defendant respond in writing to the following interrogatories within thirty (30) days from the date of service by delivering responses to counsel for Plaintiffs, Rodolfo D. Sanchez and Nathaniel Norton, Texas RioGrande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600

Texas RioGrande Legal Aid, Inc.
300 S. Texas Blvd.
Weslaco, Texas 78596
Tel.: (956) 968-9574
Fax: (956) 968-8823

EXHIBIT
A

Attorneys in Charge for Plaintiffs

Vincent H. Beckman, III
Illinois Bar No. 0152803
Admitted Pro Hac Vice
ILLINOIS MIGRANT LEGAL
ASSISTANCE PROJECT
LEGAL ASSISTANCE FOUNDATION
OF METROPOLITAN CHICAGO
407 S. Dearborn, Suite 350
Chicago, Illinois 60605
Tel.: (312) 423-5901
Fax: (312) 427-0381
Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of April 2004, a true and correct copy of this document was sent via U.S. Mail to:

Roberto Guerrero
2217 N. 23rd St.
McAllen, TX 78501

Rex Leach
Atlas & Hall, LLP
818 Pecan
McAllen, TX 78502

Jason C. Kim
Neal, Gerber & Eisenberg
2 N. LaSalle St.
Chicago, IL 60602-3801

Nathaniel Norton

## Definitions

1.    "Juan San Miguel" or "you" refers to Defendant Juan San Miguel, his attorneys, employees, agents, officers, insurers, directors, and authorized representatives.

2.    "Person" means the singular as well as the plural and includes any natural persons, partnerships, corporations, associations or other entities, and their agents and employees.

3.    Unless otherwise specified, "Plaintiffs" refers to each of the persons who are named plaintiffs in this lawsuit, and to their authorized representatives.

4.    As used in this request, the term "document" includes, but is not limited to, the following items and materials, whether typed, printed, or recorded or reproduced by any other mechanical process, or written or produced by hand, including computer files or any other machine-readable format: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings of conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, video or audio tape recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings. If documents or other information exist in a computer record, file, field, or any other machine-readable format, please provide a complete description of the format in which such information is maintained, including the type of hardware and software used to maintain the record, document or information and the size of such record, file, database, or information.

5.    "Identify" and "identity":

(a)    when used in reference to a natural person means to state his or her present or last known business address and home address and business and home telephone numbers; title or position and place of employment, and if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable;

(b)    when used in reference to a corporation it means to state its full name, state of incorporation, address and telephone number of its principal place(s) of business, and the type of business in which it is engaged, and to identify the natural person(s) within that corporation who have knowledge of the matters inquired about.

(c)    when used in reference to a company, association, partnership, or any other entity not a natural person or corporation, it means to state its full name, form of organization, state of organization, address and telephone number of principal place(s) of business, types of business in which it is engaged, and to identify the natural person or persons within that organization who have knowledge of the matters inquired about.

(d)    when used in reference to a document it means to state the date upon which the document was prepared or executed, a description of the document, the identity of the person who prepared and/or executed it, the number of pages, the title,

any identification number, the present location and the custody of the original thereof or if unknown, the present custodian of any copy thereof, and the manner and date of disposition of any document that was, but is no longer, in your possession or subject to your control.

(e) when used in reference to communications it means to state the substance thereof, the identity of the person who made the communication and the person to whom it was made, and the persons who participated in such communication or were present at the time same was made, the date and place thereof, whether the communication was oral or in writing, and, if such communication has been reduced to writing, or otherwise recorded, to identify such document or recording.

6. If an Interrogatory calls upon you to "describe in detail" a person, thing or event, you are requested to identify each and every document that forms, constitutes, evidences, relates or refers to, and all person who may have knowledge of, the alleged facts and/or legal conclusions referred to by the Interrogatory, and to state separately the circumstances, incident, act and/or omission to act on the part of any person by identifying the acts and/or legal conclusions referred to in the interrogatory.

## Instructions

1. In answering each of these interrogatories, please furnish all information that is available to Defendant including information in the possession of officers, employees or other agents of Defendant.

2. All interrogatories must be answered fully in writing in accordance with Rules 33 of the Federal Rules of Civil Procedure.

3. Each interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

4. In the event Defendants are unable to fully answer one or more of the following interrogatories after exercising due diligence to secure the necessary information, the party shall provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

5. Defendant is requested to supplement or correct its answers to these interrogatories should Defendant later obtain information indicating answers are not complete or accurate.

## Interrogatories

**INTERROGATORY NO. 1**

Please identify each person from whom information was obtained to answer these interrogatories.

**INTERROGATORY NO. 2**

Please state your 2001 job title with Trisler and describe the duties that accompanied that job.

**INTERROGATORY NO. 3**

Please identify each document you made, kept, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of any Plaintiff employed by you or Trisler in 2001.

**INTERROGATORY NO. 4**

Please identify every communication you have had with T.J. Hale, Trisler, Yolanda San Miguel Sr., or Yolanda San Miguel Jr., concerning the subject matter of this lawsuit.

**INTERROGATORY NO. 5**

Please describe in detail your role in the recruitment and/or hiring of each Plaintiff for employment in 2001 with you or Trisler.

**INTERROGATORY NO. 6**

For each individual plaintiff, please identify each specific apartment unit, hotel room, or other housing unit provided by you at any time in 2001 in connection with said Plaintiff's employment with you or Trisler. In your answer, please provide the address of the housing unit, the name of the housing facility if there is one, the type of housing, and your relationship to the housing facility in 2001.

**INTERROGATORY NO. 7**

Please describe each specific housing unit provided by you in 2001 to each plaintiff. In your answer please state the condition and number of rooms in the apartment, the square footage of each room, the condition and number of beds in the unit, the condition and number of mattresses in the unit, the condition and type of furnishings provided, the condition and type of furnishings provided, the number of

lights provided in each room, the identity of each occupant in each housing unit, and whether or not such housing was licensed as migrant farmworker housing by appropriate state and/or federal agencies, and if so, by which agencies.

## INTERROGATORY NO. 8

Please describe your role in obtaining housing for any Plaintiff in 2001.

## INTERROGATORY NO. 9

Please describe in detail any role you played in 2001 in transporting the Plaintiffs to, from, and between Trisler's cornfields or other work sites.

## INTERROGATORY NO. 10

Please describe how each Plaintiff was transported to, from, and between Trisler's comfields or other Trisler work sites in 2001. In your response, please state the following:  the name of each transportation provider and your relationship, if any, to the transportation provider; the name of each person or company who provided any vehicle used to transport any worker, and your relationship, if any, to the vehicle provider; the identity of each person who drove or operated any vehicle used to transport any worker, and your relationship, if any, to the driver or operator; procedures for verifying drivers' certification to provide such transportation; and the amount, kind and dates of payments made for such transportation services.

## INTERROGATORY NO. 11

Please explain in detail how, why, and when each Plaintiff's employment was terminated in 2001.

## INTERROGATORY NO. 12

Please describe in detail your relationship to T.J. Hale and to Trisler Seed Farms, Inc.

## INTERROGATORY NO. 13

Please describe in detail your relationship to each Plaintiff.  Please include a description of how each Plaintiff came to be associated with you and/or hired to work for Trisler in 2001.

## INTERROGATORY NO. 14

Provide a description of each Plaintiff's job duties with Trisler in 2001.

**INTERROGATORY NO. 15**

Please identify each communication you had with any Plaintiff from May 2001 through August 2001. In your response please state the method, date, subject matter of each communication, and whether the communication was in person.

**INTERROGATORY NO. 16**

Please describe in detail the 2001 business structure of your farm labor contracting business, JASM Express, Inc., or of any business you were associated with in 2001 that performed farm labor contracting activities. In your response please describe your relationship to each business.

**INTERROGATORY NO. 17**

Please describe in detail the job title, job duties, rate of pay, and source of pay during 2001, of Yolanda San Miguel, Sr., Yolanda San Miguel, Jr., and each and every person who worked for your farm labor contracting business.

**INTERROGATORY NO. 18**

Please describe in detail what federal and state licensing and/or certification you, Yolanda San Miguel, Sr., and Yolanda San Miguel, Jr., had in 2001 to perform any farm labor contracting activities. In your response please state each specific farm labor contracting activity each person was licensed or certified to perform and whether each person was licensed or certified for each such activity by the federal government, by the State of Illinois, or by both.

**INTERROGATORY NO. 19**

Please identify each person who was recruited by you to perform corn detasseling or corn rogueing in 2001.

**INTERROGATORY NO. 20**

Please describe each communication you had with any other defendant in 2001 concerning the existence, availability or conditions of employment, transportation and/or housing of any Plaintiff with Trisler in Illinois.

**INTERROGATORY NO. 21**

Describe any role you played in any of the termination of employment of any Plaintiff with Trisler in 2001.

**INTERROGATORY NO. 22**

Please identify by name, address, and telephone number, any person who has or may have knowledge of any relevant facts or discoverable information relating to the subject of this lawsuit, and state the substance of the information which you believe or have reason to believe that each of these persons may have.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

PROCOPIO RODRIGUEZ, et al.     )
                                        )
               Plaintiffs,       )   Civil Action No. B-03-034
                                        )
vs.                                     )
                                        )
TRISLER SEED FARMS, INC., et al.   )
                                        )
Defendants.                   )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT YOLANDA SAN MIGUEL, SR.

TO:    Defendant Yolanda San Miguel, Sr., through her attorney, Roberto
        Guerrero, 2217 N. 23rd St., McAllen, Texas 78501.

       Pursuant to Fed. R. Civ. P. 26 and 33 Plaintiffs request that the above-named

defendant respond in writing to the following interrogatories within thirty (30) days

from the date of service by delivering responses to counsel for Plaintiffs, Rodolfo D.

Sanchez and Nathaniel Norton, Texas RioGrande Legal Aid, Inc., 300 S. Texas Blvd.,

Weslaco, Texas 78596.

                                          Respectfully submitted,

                                          Nathaniel Norton
                                          Texas Bar No. 24037196
                                          S.D. No. 33422
                                          Rodolfo D. Sanchez
                                          Texas Bar No. 17572100
                                          S.D. No. 12600

                                          Texas RioGrande Legal Aid, Inc.
                                          300 S. Texas Blvd.
                                          Weslaco, Texas 78596
                                          Tel.: (956) 968-9574
                                          Fax: (956) 968-8823



EXHIBIT
B

Attorneys in Charge for Plaintiffs

Vincent H. Beckman, III
Illinois Bar No. 0152803
Admitted Pro Hac Vice
ILLINOIS MIGRANT LEGAL
ASSISTANCE PROJECT
LEGAL ASSISTANCE FOUNDATION
OF METROPOLITAN CHICAGO
407 S. Dearborn, Suite 350
Chicago, Illinois 60605
Tel.: (312) 423-5901
Fax: (312) 427-0381
Co-Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ 1st day of April 2004, a true and correct copy of this document was sent via U.S. Mail to:

Roberto Guerrero
2217 N. 23rd St.
McAllen, TX 78501

Rex Leach
Atlas & Hall, LLP
818 Pecan
McAllen, TX 78502

Jason C. Kim
Neal, Gerber & Eisenberg
2 N. LaSalle St.
Chicago, IL 60602-3801

Nathaniel Norton

## Definitions

1.      "Yolanda San Miguel, Sr." or "you" refers to Defendant Yolanda San Miguel, Sr., her attorneys, employees, agents, officers, insurers, directors, and authorized representatives.

2.      "Person" means the singular as well as the plural and includes any natural persons, partnerships, corporations, associations or other entities, and their agents and employees.

3.      Unless otherwise specified, "Plaintiffs" refers to each of the persons who are named plaintiffs in this lawsuit, and to their authorized representatives.

4.      As used in this request, the term "document" includes, but is not limited to, the following items and materials, whether typed, printed, or recorded or reproduced by any other mechanical process, or written or produced by hand, including computer files or any other machine-readable format: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings of conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, video or audio tape recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings. If documents or other information exist in a computer record, file, field, or any other machine-readable format, please provide a complete description of the format in which such information is maintained, including the type of hardware and software used to maintain the record, document or information and the size of such record, file, database, or information.

5.      "Identify" and "identity":

(a)   when used in reference to a natural person means to state his or her present or last known business address and home address and business and home telephone numbers; title or position and place of employment, and if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable;

(b)   when used in reference to a corporation it means to state its full name, state of incorporation, address and telephone number of its principal place(s) of business, and the type of business in which it is engaged, and to identify the natural person(s) within that corporation who have knowledge of the matters inquired about.

(c)   when used in reference to a company, association, partnership, or any other entity not a natural person or corporation, it means to state its full name, form of organization, state of organization, address and telephone number of principal place(s) of business, types of business in which it is engaged, and to identify the natural person or persons within that organization who have knowledge of the matters inquired about.

(d)   when used in reference to a document it means to state the date upon which the document was prepared or executed, a description of the document, the identity of the person who prepared and/or executed it, the number of pages, the title,

any identification number, the present location and the custody of the original thereof or if unknown, the present custodian of any copy thereof, and the manner and date of disposition of any document that was, but is no longer, in your possession or subject to your control.

(e)   when used in reference to communications it means to state the substance thereof, the identity of the person who made the communication and the person to whom it was made, and the persons who participated in such communication or were present at the time same was made, the date and place thereof, whether the communication was oral or in writing, and, if such communication has been reduced to writing, or otherwise recorded, to identify such document or recording.

6.    If an Interrogatory calls upon you to "describe in detail" a person, thing or event, you are requested to identify each and every document that forms, constitutes, evidences, relates or refers to, and all person who may have knowledge of, the alleged facts and/or legal conclusions referred to by the Interrogatory, and to state separately the circumstances, incident, act and/or omission to act on the part of any person by identifying the acts and/or legal conclusions referred to in the interrogatory.

### Instructions

1.    In answering each of these interrogatories, please furnish all information that is available to Defendant including information in the possession of officers, employees or other agents of Defendant.

2.    All interrogatories must be answered fully in writing in accordance with Rules 33 of the Federal Rules of Civil Procedure.

3.    Each interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

4.    In the event Defendants are unable to fully answer one or more of the following interrogatories after exercising due diligence to secure the necessary information, the party shall provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

5.    Defendant is requested to supplement or correct its answers to these interrogatories should Defendant later obtain information indicating answers are not complete or accurate.

**Interrogatories**

**INTERROGATORY NO. 1**

Please identify each person from whom information was obtained to answer these interrogatories.

**INTERROGATORY NO. 2**

Please state your 2001 job title with Trisler and describe the duties that accompanied that job.

**INTERROGATORY NO. 3**

Please identify each document you made, kept, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of any Plaintiff employed by you or Trisler in 2001.

**INTERROGATORY NO. 4**

Please identify every communication you have had with T.J. Hale, Trisler, Juan San Miguel, or Yolanda San Miguel Jr., concerning the subject matter of this lawsuit.

**INTERROGATORY NO. 5**

Please describe in detail your role in the recruitment and/or hiring of each Plaintiff for employment in 2001 with you or Trisler.

**INTERROGATORY NO. 6**

For each individual plaintiff, please identify each specific apartment unit, hotel room, or other housing unit provided by you at any time in 2001 in connection with said Plaintiff's employment with you or Trisler. In your answer, please provide the address of the housing unit, the name of the housing facility if there is one, the type of housing, and your relationship to the housing facility in 2001.

**INTERROGATORY NO. 7**

Please describe each specific housing unit provided by you in 2001 to each plaintiff. In your answer please state the condition and number of rooms in the apartment, the square footage of each room, the condition and number of beds in the unit, the condition and number of mattresses in the unit, the condition and type of furnishings provided, the condition and type of furnishings provided, the number of lights provided in each room, the identity of each occupant in each housing unit, and

whether or not such housing was licensed as migrant farmworker housing by appropriate state and/or federal agencies, and if so, by which agencies.

**INTERROGATORY NO. 8**

Please describe your role in obtaining housing for any Plaintiff in 2001.

**INTERROGATORY NO. 9**

Please describe in detail any role you played in 2001 in transporting the Plaintiffs to, from, and between Trisler's cornfields or other work sites.

**INTERROGATORY NO. 10**

Please describe how each Plaintiff was transported to, from, and between Trisler's cornfields or other Trisler work sites in 2001. In your response, please state the following: the name of each transportation provider and your relationship, if any, to the transportation provider; the name of each person or company who provided any vehicle used to transport any worker, and your relationship, if any, to the vehicle provider; the identity of each person who drove or operated any vehicle used to transport any worker, and your relationship, if any, to the driver or operator; procedures for verifying drivers' certification to provide such transportation; and the amount, kind and dates of payments made for such transportation services.

**INTERROGATORY NO. 11**

Please explain in detail how, why, and when each Plaintiff's employment was terminated in 2001.

**INTERROGATORY NO. 12**

Please describe in detail your relationship to T.J. Hale and to Trisler Seed Farms, Inc.

**INTERROGATORY NO. 13**

Please describe in detail your relationship to each Plaintiff. Please include a description of how each Plaintiff came to be associated with you and/or hired to work for Trisler in 2001.

**INTERROGATORY NO. 14**

Provide a description of each Plaintiff's job duties with Trisler in 2001.

**INTERROGATORY NO. 15**

Please identify each communication you had with any Plaintiff from May 2001 through August 2001. In your response please state the method, date, subject matter of each communication, and whether the communication was in person.

**INTERROGATORY NO. 16**

Please describe in detail what federal and state licensing and/or certification you had in 2001 to perform any farm labor contracting activities. In your response please state each specific farm labor contracting activity you were licensed or certified to perform and whether you were licensed or certified for each such activity by the federal government, by the State of Illinois, or by both.

**INTERROGATORY NO. 17**

Please identify each person who was recruited by you to perform corn detasseling or corn rogueing in 2001.

**INTERROGATORY NO. 18**

Please describe each communication you had with any other defendant in 2001 concerning the existence, availability or conditions of employment, transportation and/or housing of any Plaintiff with Trisler in Illinois.

**INTERROGATORY NO. 19**

Describe any role you played in any of the termination of employment of any Plaintiff with Trisler in 2001.

**INTERROGATORY NO. 20**

Please identify by name, address, and telephone number, any person who has or may have knowledge of any relevant facts or discoverable information relating to the subject of this lawsuit, and state the substance of the information which you believe or have reason to believe that each of these persons may have.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

PROCOPIO RODRIGUEZ, et al.   )
           )
    Plaintiffs,    ) Civil Action No. B-03-034
           )
vs.          )
           )
TRISLER SEED FARMS, INC., et al. )
           )
Defendants.     )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT YOLANDA SAN MIGUEL, JR.

TO: Yolanda San Miguel, Jr., 900 W. Mile 10 Rd.
   Weslaco, TX 78596

   Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiffs request that the above-named

defendant respond in writing within thirty (30) days from the date of service to respond

to the following requests for production of documents and things.  Responses shall be

provided within thirty days from the date of service by delivering them to counsel for

Plaintiffs, Rodolfo D. Sanchez and Nathaniel Norton, Texas RioGrande Legal Aid,

Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

          Respectfully submitted,

          Nathaniel Norton
          Texas Bar No. 24037196
          S.D. No. 33422
          Rodolfo D. Sanchez
          Texas Bar No. 17572100
          S.D. No. 12600

          Texas RioGrande Legal Aid, Inc.
          300 S. Texas Blvd.
          Weslaco, Texas 78596

**EXHIBIT**
tabbies C

Tel.: (956) 968-9574
Fax: (956) 968-8823

Vincent H. Beckman, III
Illinois Bar No. 0152803
Admitted Pro Hac Vice
ILLINOIS MIGRANT LEGAL
ASSISTANCE PROJECT
LEGAL ASSISTANCE FOUNDATION
OF METROPOLITAN CHICAGO
407 S. Dearborn, Suite 350
Chicago, Illinois 60605
Tel.: (312) 423-5901
Fax: (312) 427-0381

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the *26th* day of May 2004, a true and correct copy of this document was sent via U.S. Mail to:

Rex Leach
Atlas & Hall, LLP
818 Pecan
McAllen, TX 78502

Jason C. Kim
Neal, Gerber & Eisenberg
2 N. LaSalle St.
Chicago, IL 60602-3801

Roberto Guerrero
2217 N. 23rd St.
McAllen, TX 78501

Yolanda San Miguel, Jr.
900 W. Mile 10 Rd.
Weslaco, TX 78596

Yolanda San Miguel, Sr.
900 W. Mile 10 Rd.
Weslaco, TX 78596

Juan San Miguel
900 W. Mile 10 Rd.
Weslaco, TX 78596

Nathaniel Norton

## Definitions

1.      "Yolanda San Miguel, Jr." or "you" refers to Defendant Yolanda San Miguel, Jr., her attorneys, employees, agents, officers, insurers, directors, and authorized representatives.

2.      "Person" means the singular as well as the plural and includes any natural persons, partnerships, corporations, associations or other entities, and their agents and employees.

3.      Unless otherwise specified, "Plaintiffs" refers to each of the persons who are named plaintiffs in this lawsuit, and to their authorized representatives.

4.      As used in this request, the term "document" includes, but is not limited to, the following items and materials, whether typed, printed, or recorded or reproduced by any other mechanical process, or written or produced by hand, including computer files or any other machine-readable format: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings of conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, video or audio tape recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings. If documents or other information exist in a computer record, file, field, or any other machine-readable format, please provide a complete description of the format in which such information is maintained, including the type of hardware and software used to maintain the record, document or information and the size of such record, file, database, or information.

5.      "Identify" and "identity":

(a)    when used in reference to a natural person means to state his or her present or last known business address and home address and business and home telephone numbers; title or position and place of employment, and if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable;

(b)    when used in reference to a corporation it means to state its full name, state of incorporation, address and telephone number of its principal place(s) of business, and the type of business in which it is engaged, and to identify the natural person(s) within that corporation who have knowledge of the matters inquired about.

(c)    when used in reference to a company, association, partnership, or any other entity not a natural person or corporation, it means to state its full name, form of organization, state of organization, address and telephone number of principal place(s) of business, types of business in which it is engaged, and to identify the natural person or persons within that organization who have knowledge of the matters inquired about.

(d)    when used in reference to a document it means to state the date upon which the document was prepared or executed, a description of the document, the identity of the person who prepared and/or executed it, the number of pages, the title,

any identification number, the present location and the custody of the original thereof or if unknown, the present custodian of any copy thereof, and the manner and date of disposition of any document that was, but is no longer, in your possession or subject to your control.

(e)   when used in reference to communications it means to state the substance thereof, the identity of the person who made the communication and the person to whom it was made, and the persons who participated in such communication or were present at the time same was made, the date and place thereof, whether the communication was oral or in writing, and, if such communication has been reduced to writing, or otherwise recorded, to identify such document or recording.

6.      If an Interrogatory calls upon you to "describe in detail" a person, thing or event, you are requested to identify each and every document that forms, constitutes, evidences, relates or refers to, and all persons who may have knowledge of, the alleged facts and/or legal conclusions referred to by the Interrogatory, and to state separately the circumstances, incident, act and/or omission to act on the part of any person by identifying the acts and/or legal conclusions referred to in the interrogatory.

## Instructions

1.      In answering each of these interrogatories, please furnish all information that is available to Defendant including information in the possession of officers, employees or other agents of Defendant.

2.      All interrogatories must be answered fully in writing in accordance with Rules 33 and 11 of the Federal Rules of Civil Procedure.

3.      Each interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

4.      In the event Defendants are unable to fully answer one or more of the following interrogatories after exercising due diligence to secure the necessary information, the party shall provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

5.      Defendant is requested to supplement or correct its answers to these interrogatories should Defendant later obtain information indicating answers are not complete or accurate.

## **Interrogatories**

### **INTERROGATORY NO. 1**

Please identify each person from whom information was obtained to answer these interrogatories, or whom you believe has relevant information, and state what information you believe each such person holds.

### **INTERROGATORY NO. 2**

Please describe in detail your what your job was with Trisler Seed Farms, Inc. in 2001 and the duties that accompanied that job.  Please include in your description, your job title and any decision-making functions of any kind you had regarding recruitment, hiring, orientation, assignment, supervision, housing or transportation of agricultural workers or in overseeing or inspection of work, workers, or other supervisors.

### **INTERROGATORY NO. 3**

Please identify and describe every document you made, kept, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of all migrant workers employed by you in 2001.

### **INTERROGATORY NO. 4**

If any documents are being withheld from discovery on the basis of a claim of privilege, exemption from discovery or other objection, please furnish the following information for each such document:

      a.    description of the document;

      b.    date the document was generated;

      c.    name(s), address(es) and telephone number(s) of the author(s) of the document;

      d.    names, addresses and telephone numbers of any indicated recipients of the document;

      e.    name, address and telephone number of every person to whom the document has ever been disclosed, and the dates and circumstances of each such disclosure;

      f.    the precise subject matter of the document;

g.    the name, address and telephone number of every person who has custody or control over the document; and

h.    the basis for claiming privilege or exemption from discovery.

## INTERROGATORY NO. 5

Please describe in detail any complaints or police reports that you have filed against any Plaintiff, including the date, location, and to whom each complaint or report was filed.

## INTERROGATORY NO. 6

Please describe in detail the procedure, in 2001, for furnishing fields where agricultural workers worked, with toilets, hand washing facilities, and drinking water. Please include in your answer a description of who decided and how it was decided on the number of toilets, hand washing facilities, and drinking water containers to place at a field, where at the field they would be placed, and how frequently they would be serviced, cleaned, replaced, and/or refilled.

## INTERROGATORY NO. 7

Please describe in detail your connection -- i.e., use, management, control, or ownership -- to the housing facilities where Plaintiffs resided during the period that they worked for Trisler in 2001, and identify the facilities by name, location, date of construction, and describe any role you played in housing the Plaintiffs in 2001.

## INTERROGATORY NO. 8

Please describe in detail any role you played in transporting any Plaintiff in 2001, including the furnishing, oversight, or arranging of such transportation.

## INTERROGATORY NO. 9

Please explain in detail how, why and when each Plaintiff's employment was terminated in 2001 and describe any role you played in any of the Plaintiff's termination.

## INTERROGATORY NO. 10

Please describe in detail your relationship to T.J. Hale and to Trisler Seed Farms, Inc. Please include a description of how they came to be associated with you, a description of T.J. Hale's job duties, and identify every communication you had with T.J. Hale and Trisler related to your employment in 2001 with an indication of the

method, date and subject matter of each communication.

**INTERROGATORY NO. 11**

Please describe in detail your relationship to the Plaintiffs. Please include a description of how they came to be associated with you, a description of their job duties, and identify every communication related to their employment in 2001 or to this lawsuit that you had with any of the Plaintiffs with an indication of the method, date and subject matter of each communication.

**INTERROGATORY NO. 12**

Please describe in detail what federal and state licensing and/or certification you had in 2001 to perform any farm labor contracting activities.

**INTERROGATORY NO. 13**

Please describe in detail your relationship to JASM Express, Inc., or of any business of which you were a part that performed farm labor contracting activities, including your job title, pay and job duties, if any, with each such business.

**INTERROGATORY NO. 14**

Please describe in detail any altercation, whether physical or verbal, you have had with any Plaintiff including the date, time, location, and subject matter of each such altercation.

**INTERROGATORY NO. 15**

Please identify and describe in detail each vehicle you drove during your employment with Trisler in 2001 including the make, model, color, license plate number and year of the vehicle and describe the purpose for and the frequency with which you drove each such vehicle.

**INTERROGATORY NO. 16**

Please identify each arrest or conviction occurring within the past ten years for any felony, any crime of moral turpitude, or any assault, and for each such instance include the exact offense involved, the date of charge, the county, city and state where each such accusation, arrest, and/or conviction occurred, and the disposition of each such accusation, arrest and/or conviction.

**INTERROGATORY NO. 17**

Please describe any role you played in furnishing, servicing, cleaning,

replacing, and/or refilling toilets, hand washing facilities, and drinking water in 2001.

**INTERROGATORY NO. 18**

Please identify each verbal argument or disagreement you had with any Plaintiff in 2001 indicating the parties to the argument or disagreement and the date, time, location, and subject matter of each such argument or disagreement.

**INTERROGATORY NO. 19**

Please identify each time in the past ten years you have been accused of any felony, any crime of moral turpitude, or any assault, and for each such instance include the exact offense you were accused of, the date of the accusation, the county, city and state where each such accusation occurred, and the disposition of each such accusation.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

PROCOPIO RODRIGUEZ, et al.    )
             )
     Plaintiffs,     ) Civil Action No. B-03-034
             )
vs.           )
             )
TRISLER SEED FARMS, INC., et al.  )
             )
Defendants.       )

## PLAINTIFFS' FIRST  REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT JUAN SAN MIGUEL

 TO: Juan San Miguel, directly at 900 W. Mile 10 Rd., Weslaco, Texas 78596 as his attorney has not yet entered an appearance and by and through his attorney, Roberto Guerrero, 2217 N. 23rd St., McAllen, Texas 78501.

 Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiffs request that the above-named defendant respond in writing to the following requests for production of documents and things within thirty (30) days from the date of.  Responses shall be provided within thirty days from the date of service by delivering them to counsel for Plaintiffs, Rodolfo D. Sanchez and Nathaniel Norton, Texas RioGrande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

 Plaintiffs request that Defendant produce and permit Plaintiffs to inspect and copy the documents hereinafter described.  Plaintiffs request that such production be accomplished by delivering the originals of the requested documents, or true and accurate photocopies thereof, so certified, to the office of the undersigned attorneys for Plaintiffs.  Plaintiffs also request that, as to each request, Defendant state in writing whether any such documents or things exist, whether inspection will be allowed, and if



EXHIBIT

D

not, that Defendants state specifically any objections to production or inspection.

If documents similar to those described in a request, but not exactly as described, are in the possession of Defendant and there is a reasonable doubt as to whether such documents or things are the subject of the request, then please describe such similar documents or things in the written response to the request.

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600

Texas RioGrande Legal Aid, Inc.
300 S. Texas Blvd.
Weslaco, Texas 78596
Tel.: (956) 968-9574
Fax: (956) 968-8823

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I hereby certify that on the 21ˢᵗ day of June, 2004, a true and correct copy of this document was sent via U.S. Mail to:

Roberto Guerrero
2217 N. 23ʳᵈ St.
McAllen, Texas 78501

Yolanda San Miguel, Sr.
Juan San Miguel
Yolanda San Miguel, Jr.
900 W. Mile 10 Rd.
Weslaco, TX 78596

Jason Kim
Gerber & Eisenberg, LLP
2 N. LaSalle St., Ste. 2200
Chicago, IL 60602

                                      Nathaniel Norton

## Definitions

    1.    "You" refers to Defendant Yolanda San Miguel, Sr., your attorneys, employees, agents, officers, insurers, directors, and authorized representatives.

    2.    "Person" means the singular as well as the plural and includes any natural persons, partnerships, corporations, associations or other entities, and their agents and employees.

    3.    Unless otherwise specified, "Plaintiffs" refers to each of the persons who are named plaintiffs in this lawsuit, and to their authorized representatives.

    4.    As used in this request, the term "document" includes, but is not limited to, the following items and materials, whether typed, printed, or recorded or reproduced by any other mechanical process, or written or produced by hand, including computer files or any other machine-readable format: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings of conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, video or audio tape recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings. If documents or other information exist in a computer record, file, field, or any other machine-readable format, please provide a complete description of

the format in which such information is maintained, including the type of hardware and software used to maintain the record, document or information and the size of such record, file, database, or information.

## Instructions

1.    Each request for production shall be set forth immediately prior to the response thereto.

2.    You have a duty to supplement your responses to these questions and requests with subsequent information in accordance with Fed. R. Civ. P. 26(e). Plaintiffs request that you supplement your responses.

3.    You must produce the requested documents as they are kept in the usual course of business or you must organize and label them to correspond with the categories in this request. Fed.R..Civ. P. 34(b).

4.    In response to these Requests for Production of Documents you are to furnish such documents as are available to you and any to which you have access and any which are currently in your possession or that of any agent, servant or employee including but not limited to doctors, attorneys, investigators, examiners, testers, and evaluators employed by you or in your behalf.

5.    If any requested document was but is no longer in your custody or possession or subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been otherwise disposed of.  In each such instance, explain the circumstances surrounding such disposition and state the date or approximate date thereof.

6.    If any documents are withheld from production on the basis of a claim of privilege, exemption from discovery, or other objection, please furnish the following information for each such document:

    a.  description of the document (e.g. letter, deed, memorandum, computer data file, etc.), including its title if it has any;

    b.  date(s) the document was generated or created;

    c.  name, address and telephone number of the author(s) of the document;

    d.  name address and telephone of any indicated recipient(s) of the document;

    e.  name address and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;

    f.  subject matter of the document;

    g.  the name, address, telephone number and position of the person(s) who have custody or control over the document;

    h.  basis for claiming privilege or exemption from discovery.

## Requests for Production

### REQUEST FOR PRODUCTION NO. 1

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents that in any way relate to the hiring, recruitment, furnishing, transportation or employment of any Plaintiff by you in 2001.

### REQUEST FOR PRODUCTION NO. 2

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents evidencing oral or written communications between you and any Plaintiff or Defendant, from 2001 to the present.

### REQUEST FOR PRODUCTION NO. 3

Please produce all documents relating to or evidencing all amounts of monies or other valuables paid, advanced, loaned or otherwise provided to any Plaintiff or received from any Defendant in 2001.

### REQUEST FOR PRODUCTION NO. 4

Please produce all written documents provided by you or anyone acting on your behalf to Plaintiffs regarding the terms and conditions of their employment or any other matter related to their employment with you in 2001, including all employee manuals and rules.

### REQUEST FOR PRODUCTION NO. 5

Please produce all documents that contain information provided to you by any Plaintiff or Defendant during the period 1999 to the present.

### REQUEST FOR PRODUCTION NO. 6

Please produce all documents written or signed by any Plaintiff.

### REQUEST FOR PRODUCTION NO. 7

Please produce any document that you contend is or contains an admission of any Plaintiff.

### REQUEST FOR PRODUCTION NO. 8

Please produce all employment records and personnel files that you made or

kept concerning each Plaintiff in 2001.

### REQUEST FOR PRODUCTION NO. 9

Please produce all correspondence, written statements, notes of conversations, memoranda and other documents relating to Trisler Seed Farms, Inc. from 1999 to the present.

### REQUEST FOR PRODUCTION NO. 10

Please produce all employment records, personnel files and any other documents that describe or state your job duties and responsibilities relating to work with Trisler Seed Farms, Inc. for the period 1999 to the present.

### REQUEST FOR PRODUCTION NO. 11

Please produce all farm labor contractor certificates, state or federal, from 1999 through the present.

### REQUEST FOR PRODUCTION NO. 12

Please produce all documents pertaining to the number of days and hours each Plaintiff worked for you in 2001, including, but not limited to: each and every time card, field log, time sheet, wage and hour record or other record or document of original entry in which the hours worked by Plaintiffs during 2001 were initially recorded.

### REQUEST FOR PRODUCTION NO. 13

Please produce all payroll records concerning any Plaintiff. This includes but is not limited to: check stubs, canceled checks, wage statements, itemized pay statements and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay.

### REQUEST FOR PRODUCTION NO. 14

Please produce every form W-2, W-4, I-9, application, written work agreement, written pay agreement, written disclosure statement, or other employment-related document that relates to any Plaintiff in this action.

### REQUEST FOR PRODUCTION NO. 15

Please produce all unemployment insurance documents relating to any Plaintiff

in this action.

### REQUEST FOR PRODUCTION NO. 16

Please produce a copy of any posters or statements that were posted by you in 2001 that set forth the rights and protections afforded to migrant and seasonal agricultural workers under the AWPA or any other state or federal employment law.

### REQUEST FOR PRODUCTION NO. 17

Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

### REQUEST FOR PRODUCTION NO. 18

Please produce all documents related to the business structure JASM Express, Inc. or any other business you used to recruit, hire, furnish, transport, or employ any migrant or seasonal agricultural worker, including those documents showing the identity of all persons who own or operate such business(es) and/or all persons who recruit, solicit, hire, employ, furnish or transport migrant agricultural workers for the business(es).

### REQUEST FOR PRODUCTION NO. 19

Please produce all photos, drawings, diagrams or other visual depictions of the housing occupied by Plaintiffs in 2001.

### REQUEST FOR PRODUCTION NO. 20

Please produce all documents relating to any inspection or certification by a federal, state, or local agency, of the housing that was occupied by Plaintiffs during their 2001 employment with you.

### REQUEST FOR PRODUCTION NO. 21

Please produce all written documents you used in 2001 to inform Plaintiffs about the terms and/or conditions of occupancy of the housing where Plaintiffs resided during their employment with you in 2001.

### REQUEST FOR PRODUCTION NO. 22

Please produce all correspondence, written statements, affidavits, notes of

conversations, memoranda, or other documents that in any way relate to communications between you and any Plaintiff or Defendant concerning the terms and/or conditions of the housing where Plaintiffs resided during their employment with you in 2001.

### REQUEST FOR PRODUCTION NO. 23

Please produce all documents that reflect or evidence any payment made by you to any housing facility in which any migrant agricultural worker employed by you resided in 2001.

### REQUEST FOR PRODUCTION NO. 24

Please produce all documents relating to the portable toilets available at Plaintiffs' work si te during their employment with you in 2001. These records should include, but not be limited to: rental, maintenance or service agreements and payments to providers of such services.

### REQUEST FOR PRODUCTION NO. 25

For the period of May through July 2001, please produce all documents relating to the housing assignments made in the housing occupied by Plaintiffs. These records should include, but not be limited to, documents reflecting the names of and numbers of individuals housed in the same structure as the Plaintiffs.

### REQUEST FOR PRODUCTION NO. 26

Please produce all documents which reflect the number of people employed by you from March 1, 2001 to October 1, 2001, the identify of each worker, the number of hours worked by each worker on a daily or weekly basis, the type of work done by each worker, and the amount of pay earned by each worker.

### REQUEST FOR PRODUCTION NO. 27

Please produce any letter, notice or memorandum of termination prepared by you regarding employment of any Plaintiff.

### REQUEST FOR PRODUCTION NO. 28

Please produce all documents that reflect or state reasons why the Plaintiffs' 2001 employment with you ended.

### REQUEST FOR PRODUCTION NO. 29

Please produce all documents that reflect the job performance of Plaintiffs in 2001.

## REQUEST FOR PRODUCTION NO. 30

Please produce all written policies, rules or other documents reflecting performance standards for agricultural workers employed by you in 2001.

### REQUEST FOR PRODUCTION NO. 31

Please produce all documents in your custody or control that you assert are related to any issue in this case.

### REQUEST FOR PRODUCTION NO. 32

Please produce all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

### REQUEST FOR PRODUCTION NO. 33

Please produce all documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts and opinions to which the expert is expected to testify and/or grounds for each opinion.

### REQUEST FOR PRODUCTION NO. 34

Please produce all documents that relate to transporting agricultural workers from their home states to Illinois or to other states to perform agricultural work.

### REQUEST FOR PRODUCTION NO. 35

Please produce all documents that relate to transporting agricultural workers from their migrant housing to Trisler facilities or to the fields where they performed agricultural work.

### REQUEST FOR PRODUCTION NO. 36

Please produce all documents relating to the costs of providing transportation to agricultural workers, including, but not limited to, rental agreements, purchase agreements, insurance policies, vehicle maintenance, repair, and fuel statements, licensing documents, and drivers' pay records.

### REQUEST FOR PRODUCTION NO. 37

Please produce all documents relating to the inspection and maintenance of vehicles used to transport agricultural workers.

**REQUEST FOR PRODUCTION NO. 38**

Please produce any and all documents relating to any investigation of you or your employees by the United States Department of Labor, any state employment or job service, or other agency of government, for compliance with employment related laws and regulations during the last 5 years.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

PROCOPIO RODRIGUEZ, et al.      )
                                 )
         Plaintiffs,         )   Civil Action No. B-03-034
                                 )
vs.                            )
                                 )
TRISLER SEED FARMS, INC., et al.    )
                                 )
         Defendants.     )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT YOLANDA SAN MIGUEL, SR.

TO:    Yolanda San Miguel, Sr., directly at 900 W. Mile 10 Rd., Weslaco, Texas 78596 as her attorney has not yet entered an appearance and by and through her attorney, Roberto Guerrero, 2217 N. 23rd St., McAllen, Texas 78501

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiffs request that the above-named defendant respond in writing to the following requests for production of documents and things within thirty (30) days from the date of.  Responses shall be provided within thirty days from the date of service by delivering them to counsel for Plaintiffs, Rodolfo D. Sanchez and Nathaniel Norton, Texas RioGrande Legal Aid, Inc., 300 S. Texas Blvd., Weslaco, Texas 78596.

Plaintiffs request that Defendant produce and permit Plaintiffs to inspect and copy the documents hereinafter described.  Plaintiffs request that such production be accomplished by delivering the originals of the requested documents, or true and accurate photocopies thereof, so certified, to the office of the undersigned attorneys for Plaintiffs.  Plaintiffs also request that, as to each request, Defendant state in writing



EXHIBIT
E

whether any such documents or things exist, whether inspection will be allowed, and if

not, that Defendants state specifically any objections to production or inspection.

     If documents similar to those described in a request, but not exactly as

described, are in the possession of Defendant and there is a reasonable doubt as to

whether such documents or things are the subject of the request, then please describe

such similar documents or things in the written response to the request.

Respectfully submitted,

Nathaniel Norton
Texas Bar No. 24037196
S.D. No. 33422
Rodolfo D. Sanchez
Texas Bar No. 17572100
S.D. No. 12600

Texas RioGrande Legal Aid, Inc.
300 S. Texas Blvd.
Weslaco, Texas 78596
Tel.: (956) 968-9574
Fax: (956) 968-8823

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2004, a true and correct copy of this document was sent via U.S. Mail to:

Roberto Guerrero
2217 N. 23rd St.
McAllen, Texas 78501

Yolanda San Miguel, Sr.
Juan San Miguel
Yolanda San Miguel, Jr.
900 W. Mile 10 Rd.
Weslaco, TX 78596

Jason Kim
Gerber & Eisenberg, LLP
2 N. LaSalle St., Ste. 2200
Chicago, IL 60602

Nathaniel Norton

## Definitions

1.     "You" refers to Defendant Yolanda San Miguel, Sr., your attorneys, employees, agents, officers, insurers, directors, and authorized representatives.

2.     "Person" means the singular as well as the plural and includes any natural persons, partnerships, corporations, associations or other entities, and their agents and employees.

3.     Unless otherwise specified, "Plaintiffs" refers to each of the persons who are named plaintiffs in this lawsuit, and to their authorized representatives.

4.     As used in this request, the term "document" includes, but is not limited to, the following items and materials, whether typed, printed, or recorded or reproduced by any other mechanical process, or written or produced by hand, including computer files or any other machine-readable format:  agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings of conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, video or audio tape recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.  If documents or other information exist in a computer record, file,

field, or any other machine-readable format, please provide a complete description of the format in which such information is maintained, including the type of hardware and software used to maintain the record, document or information and the size of such record, file, database, or information.

## Instructions

1.    Each request for production shall be set forth immediately prior to the response thereto.

2.    You have a duty to supplement your responses to these questions and requests with subsequent information in accordance with Fed. R. Civ. P. 26(e). Plaintiffs request that you supplement your responses.

3.    You must produce the requested documents as they are kept in the usual course of business or you must organize and label them to correspond with the categories in this request. Fed.R..Civ. P. 34(b).

4.    In response to these Requests for Production of Documents you are to furnish such documents as are available to you and any to which you have access and any which are currently in your possession or that of any agent, servant or employee including but not limited to doctors, attorneys, investigators, examiners, testers, and evaluators employed by you or in your behalf.

5.    If any requested document was but is no longer in your custody or possession or subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been otherwise disposed of. In each such instance, explain the circumstances surrounding such disposition and state the date or approximate date thereof.

6.    If any documents are withheld from production on the basis of a claim of privilege, exemption from discovery, or other objection, please furnish the following information for each such document:

   a.  description of the document (e.g. letter, deed, memorandum, computer data file, etc.), including its title if it has any;

   b.  date(s) the document was generated or created;

   c.  name, address and telephone number of the author(s) of the document;

   d.  name address and telephone of any indicated recipient(s) of the document;

   e.  name address and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure;

   f.  subject matter of the document;

   g.  the name, address, telephone number and position of the person(s) who have custody or control over the document;

   h.  basis for claiming privilege or exemption from discovery.

## Requests for Production

### REQUEST FOR PRODUCTION NO. 1

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents that in any way relate to the hiring, recruitment, furnishing, transportation or employment of any Plaintiff by you in 2001.

### REQUEST FOR PRODUCTION NO. 2

Please produce all correspondence, written statements, notes of conversations, memoranda, or other documents evidencing oral or written communications between you and any Plaintiff or Defendant, from 2001 to the present.

### REQUEST FOR PRODUCTION NO. 3

Please produce all documents relating to or evidencing all amounts of monies or other valuables paid, advanced, loaned or otherwise provided to any Plaintiff or received from any Defendant in 2001.

### REQUEST FOR PRODUCTION NO. 4

Please produce all written documents provided by you or anyone acting on your behalf to Plaintiffs regarding the terms and conditions of their employment or any other matter related to their employment with you in 2001, including all employee manuals and rules.

### REQUEST FOR PRODUCTION NO. 5

Please produce all documents that contain information provided to you by any Plaintiff or Defendant during the period 1999 to the present.

### REQUEST FOR PRODUCTION NO. 6

Please produce all documents written or signed by any Plaintiff.

### REQUEST FOR PRODUCTION NO. 7

Please produce any document that you contend is or contains an admission of any Plaintiff.

### REQUEST FOR PRODUCTION NO. 8

Please produce all employment records and personnel files that you made or

kept concerning each Plaintiff in 2001.

### REQUEST FOR PRODUCTION NO. 9

Please produce all correspondence, written statements, notes of conversations, memoranda and other documents relating to Trisler Seed Farms, Inc. from 1999 to the present.

### REQUEST FOR PRODUCTION NO. 10

Please produce all employment records, personnel files and any other documents that describe or state your job duties and responsibilities relating to work with Trisler Seed Farms, Inc. for the period 1999 to the present.

### REQUEST FOR PRODUCTION NO. 11

Please produce all farm labor contractor certificates, state or federal, from 1999 through the present.

### REQUEST FOR PRODUCTION NO. 12

Please produce all documents pertaining to the number of days and hours each Plaintiff worked for you in 2001, including, but not limited to: each and every time card, field log, time sheet, wage and hour record or other record or document of original entry in which the hours worked by Plaintiffs during 2001 were initially recorded.

### REQUEST FOR PRODUCTION NO. 13

Please produce all payroll records concerning any Plaintiff. This includes but is not limited to: check stubs, canceled checks, wage statements, itemized pay statements and any other document showing the basis on which wages were paid, the number of piecework units earned, the number of hours and days worked, the total pay period earnings, the specific sums withheld and the purpose of each sum withheld, and the net pay.

### REQUEST FOR PRODUCTION NO. 14

Please produce every form W-2, W-4, I-9, application, written work agreement, written pay agreement, written disclosure statement, or other employment-related document that relates to any Plaintiff in this action.

### REQUEST FOR PRODUCTION NO. 15

Please produce all unemployment insurance documents relating to any Plaintiff

in this action.

### REQUEST FOR PRODUCTION NO. 16

Please produce a copy of any posters or statements that were posted by you in 2001 that set forth the rights and protections afforded to migrant and seasonal agricultural workers under the AWPA or any other state or federal employment law.

### REQUEST FOR PRODUCTION NO. 17

Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

### REQUEST FOR PRODUCTION NO. 18

Please produce all documents related to the business structure JASM Express, Inc. or any other business you used to recruit, hire, furnish, transport, or employ any migrant or seasonal agricultural worker, including those documents showing the identity of all persons who own or operate such business(es) and/or all persons who recruit, solicit, hire, employ, furnish or transport migrant agricultural workers for the business(es).

### REQUEST FOR PRODUCTION NO. 19

Please produce all photos, drawings, diagrams or other visual depictions of the housing occupied by Plaintiffs in 2001.

### REQUEST FOR PRODUCTION NO. 20

Please produce all documents relating to any inspection or certification by a federal, state, or local agency, of the housing that was occupied by Plaintiffs during their 2001 employment with you.

### REQUEST FOR PRODUCTION NO. 21

Please produce all written documents you used in 2001 to inform Plaintiffs about the terms and/or conditions of occupancy of the housing where Plaintiffs resided during their employment with you in 2001.

### REQUEST FOR PRODUCTION NO. 22

Please produce all correspondence, written statements, affidavits, notes of

conversations, memoranda, or other documents that in any way relate to communications between you and any Plaintiff or Defendant concerning the terms and/or conditions of the housing where Plaintiffs resided during their employment with you in 2001.

### REQUEST FOR PRODUCTION NO. 23

Please produce all documents that reflect or evidence any payment made by you to any housing facility in which any migrant agricultural worker employed by you resided in 2001.

### REQUEST FOR PRODUCTION NO. 24

Please produce all documents relating to the portable toilets available at Plaintiffs' work si te during their employment with you in 2001. These records should include, but not be limited to: rental, maintenance or service agreements and payments to providers of such services.

### REQUEST FOR PRODUCTION NO. 25

For the period of May through July 2001, please produce all documents relating to the housing assignments made in the housing occupied by Plaintiffs. These records should include, but not be limited to, documents reflecting the names of and numbers of individuals housed in the same structure as the Plaintiffs.

### REQUEST FOR PRODUCTION NO. 26

Please produce all documents which reflect the number of people employed by you from March 1, 2001 to October 1, 2001, the identify of each worker, the number of hours worked by each worker on a daily or weekly basis, the type of work done by each worker, and the amount of pay earned by each worker.

### REQUEST FOR PRODUCTION NO. 27

Please produce any letter, notice or memorandum of termination prepared by you regarding employment of any Plaintiff.

### REQUEST FOR PRODUCTION NO. 28

Please produce all documents that reflect or state reasons why the Plaintiffs' 2001 employment with you ended.

### REQUEST FOR PRODUCTION NO. 29

Please produce all documents that reflect the job performance of Plaintiffs in 2001.

### REQUEST FOR PRODUCTION NO. 30

Please produce all written policies, rules or other documents reflecting performance standards for agricultural workers employed by you in 2001.

### REQUEST FOR PRODUCTION NO. 31

Please produce all documents in your custody or control that you assert are related to any issue in this case.

### REQUEST FOR PRODUCTION NO. 32

Please produce all documents that have been made or prepared by an expert who may be called to testify as a witness in this case.

### REQUEST FOR PRODUCTION NO. 33

Please produce all documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts and opinions to which the expert is expected to testify and/or grounds for each opinion.

### REQUEST FOR PRODUCTION NO. 34

Please produce all documents that relate to transporting agricultural workers from their home states to Illinois or to other states to perform agricultural work.

### REQUEST FOR PRODUCTION NO. 35

Please produce all documents that relate to transporting agricultural workers from their migrant housing to Trisler facilities or to the fields where they performed agricultural work.

### REQUEST FOR PRODUCTION NO. 36

Please produce all documents relating to the costs of providing transportation to agricultural workers, including, but not limited to, rental agreements, purchase agreements, insurance policies, vehicle maintenance, repair, and fuel statements, licensing documents, and drivers' pay records.

### REQUEST FOR PRODUCTION NO. 37

Please produce all documents relating to the inspection and maintenance of vehicles used to transport agricultural workers.

## REQUEST FOR PRODUCTION NO. 38

Please produce any and all documents relating to any investigation of you or your employees by the United States Department of Labor, any state employment or job service, or other agency of government, for compliance with employment related laws and regulations during the last 5 years.

First Request for Production (Dist. Ct.)
to Defendant Yolanda San Miguel, Sr.
Page 10 of 10

**LSC**

**LAW OFFICE OF**
**TEXAS RIOGRANDE LEGAL AID, INC.**
WESLACO
300 SOUTH TEXAS BLVD
WESLACO, TX 78596
TELEPHONE (956) 968-6574 TOLL FREE (800) 369-0574
FAX (956) 968-8823

Via fax (956-618-5949) and U.S. Mail

May 21, 2004

Roberto Guerrero
2217 N. 23rd St.
McAllen, TX 78501

      Re: Procopio Rodriguez, et al. v. Trisler Seed Farms, Inc., et al.

Dear Mr. Guerrero:

      We served Plaintiffs' First Request for Production of Documents to Defendant Yolanda San Miguel, Sr. and to Plaintiffs' First Request for Production of Documents to Defendant Juan San Miguel on October 29, 2003 in the bankruptcy adversary proceeding. Responses to this discovery were due on January 16, 2004. I sent you a letter on April 1, 2004 reminding you that this discovery was overdue, but received no response.

      We served Plaintiffs' First Set of Interrogatories to Defendant Yolanda San Miguel, Sr. and to Plaintiffs' First Set of Interrogatories to Defendant Juan San Miguel on April 1, 2004 in the district court action. Responses to this discovery were due on May 3, 2004.

      Please advise me by Thursday May 27th when you will respond to this outstanding discovery. Please consider this my attempt to confer about this overdue discovery.

      As you have not yet entered an appearance in this case, I am sending this letter to you as a courtesy. A copy of this letter has also been sent directly to each of your clients.

                          Sincerely yours,

                          Nathaniel Norton

cc:    Juan San Miguel
       900 W. Mile 10 Rd.
       Weslaco, TX 78596

       Yolanda San Miguel, Sr.
       900 W. Mile 10 Rd.
       Weslaco, TX 78596

**EXHIBIT**
**F**



**LAW OFFICE OF**
**TEXAS RIOGRANDE LEGAL AID, INC.**
Weslaco
300 South Texas Blvd
Weslaco, TX 78596
Telephone (956) 968-6574 Toll Free (800) 369-0574
Fax (956) 968-8823

August 9, 2004

Juan San Miguel Sr.
Yolanda San Miguel Sr.
Yolanda San Miguel Jr.
900 W. Mile 10 Rd.
Weslaco, Texas 78596

Re:    Procopio Rodriquez et al., v. Trisler Seed Farms, Inc., et al., Civil Action B-03-034

Ladies and Gentlemen:

The purpose of this letter is to resolve a discovery dispute. We are sending a courtesy copy of this correspondence to Roberto Guerrero, an individual who claims to represent Juan and Yolanda Sr. in this matter; however, since Mr. Guerrero has not entered an appearance, or filed on an answer to this lawsuit on your behalf, we are sending this correspondence directly to you.

We served you with Plaintiffs' First Set of Interrogatories to Defendant Juan San Miguel and Plaintiffs' First Set of Interrogatories to Defendant Yolanda San Miguel Sr. on April 1, 2004. Responses to this discovery were due on May 3, 2004. We have contacted both you and Mr. Guerrero to request that you respond to this discovery. Despite assurances by both you and Mr. Guerrero that you would respond to this discovery, we have not yet received a response to this discovery.

On May 26, 2004 we served Yolanda San Miguel Jr. with Plaintiffs' First Set of Interrogatories to Yolanda San Miguel Jr. Since it was not clear whether or not Mr. Guerrero was representing Yolanda Jr. in this matter, we also provided Mr. Guerrero with a courtesy copy of this discovery request. Responses to this discovery were due on June 28, 2004. To date we have not yet received a response to this discovery.

On June 28, 2004, we served you with the following discovery: Plaintiffs' First Request for Production of Documents to Defendant Juan San Miguel; Plaintiffs' First Request for Production of Documents to Defendant Yolanda San Miguel Sr.; Plaintiffs' First Request for Admission to Defendant Juan San Miguel; Plaintiffs' First Request for Admission to Defendant Yolanda San Miguel Sr.; and Plaintiffs First Request for Admission to Defendant Yolanda San Miguel Jr.. You have not responded to these discovery requests.



EXHIBIT
G

Letter to San Miguels
August 9, 2004
Page 2

Also, even though you have appeared in Court to dispute the allegations made in this lawsuit, you have yet to file a written answer to the Plaintiffs' Original Complaint. Thus, we do not know what factual or legal allegations are in dispute.

In light of the fact that your initial discovery responses were due over 3 months ago, we are writing this letter to request that no later than 12:00 noon on Friday August 13, 2004, you provide without objection, responses to the following discovery: Plaintiffs' First Set of Interrogatories to Juan San Miguel; Plaintiffs First Set of Interrogatories to Yolanda San Miguel Sr.; Plaintiffs First Set of Interrogatories to Yolanda San Miguel Jr.; Plaintiffs' First Request for Production of Documents to Defendant Juan San Miguel; and Plaintiffs' First Request for Production of Documents to Defendant Yolanda San Miguel Sr. We also request that you provide us with your initial disclosures are required by Rule 26 of the Federal Rules of Civil Procedure. We are also requesting that at the same time that you tender this discovery, you file and serve a written answer to Plaintiffs' Original Complaint. Please note, we are not requesting responses to any of the Plaintiffs' First Request for Admissions because each matter was deemed admitted when you failed to provide a timely response.

Please contact us our office if you would like to discuss this matter.

Sincerely,

Rodolfo D. Sanchez
Attorney in Charge for Plaintiffs

cc:    Mr. Roberto Guerrero, via regular mail to 2217 N. 23rd St., McAllen Texas 78501 and via fax to (956) 618-5949

Mr. Vince Beckman and Miguel Keberlein via fax (312) 427-0381