

LAW OFFICE OF
TEXAS RIOGRANDE LEGAL AID, INC.
WESLACO
300 SOUTH TEXAS BLVD
WESLACO, TX 78596
TELEPHONE (956) 968-6574 TOLL FREE (800) 369-0574
FAX (956) 968-8823

September 17, 2004

VIA FAX TO (956) 618-5949
AND REGULAR U.S. MAIL

Mr. Roberto A. Guerrero
2217 N. 23rd
McAllen, Texas 78501

RE: Procopio Rodriguez, et al., v. Trisler Seed Farms, Inc., et al., Cause No. B-03-034

Dear Mr. Guerrero:

As you know, on September 9, 2003 the Court ordered each of your clients to within 10 days: file a written answer to Plaintiffs' Original Complaint; provide Plaintiffs' with initial disclosures; and answer without objection, each interrogatory asked of the Defendants. The Court also ordered Juan San Miguel and Yolanda San Miguel Sr., to provide without objection, responses to production of documents.

Your clients have not filed an answer to the complaint and your clients have not tendered initial disclosures. Thus, as an initial matter I am requesting that you provide this material without further delay. Also, while your clients tendered interrogatory answers and responses to the request for documents shortly before the September 9th hearing, I do not believe that their discovery responses are in compliance with the Court's order. My concerns with the discovery responses are detailed below.

<u>Yolanda San Miguel Jr.'s Interrogatory answers</u>:

Ms. San Miguel did not answer Interrogatories 5, 8, 11, 13, and 18. Therefore, I request that you tender without objection responses to these questions.

Ms. San Miguel objected to Interrogatories 3, 14, 15, and 17. The Court ordered that Ms. San Miguel answer these interrogatories without objection. Therefore, I request that Ms. San Miguel tender amended answers withdrawing each objection and fully responding to each of these interrogatories.

Ms. San Miguel provided incomplete and/or evasive answers to Interrogatories 2, 6, 9, and 10.

EXHIBIT
A

The answer to Interrogatory 2 is incomplete and evasive because it is not enough to describe Ms. San Miguel job duties by saying that Ms. San Miguel's job "was anything that was assigned by my father". Instead, a complete response requires that Ms. San Miguel specifically state each and every job duty performed by her and/or assigned to her by her father.

The answer to Interrogatory 6 is also incomplete and non-responsive. It is not enough to state that "defendant services were provided at places and at times when most convenient to the workers." A full response requires that Ms. San Miguel state: who decided where to place toilets, drinking water, and hand washing facilities; who decided on the appropriate number of toilet and hand washing facilities to provide; who decided on the amount of water to provided; and who decided how frequently to clean the toilet and hand washing facilities. A full response also requires that Ms. San Miguel describe the procedure for taking toilets, hand washing facilities, and water to the fields.

The answer to Interrogatory 9 is non-responsive because it does not identify how, why, or when any Plaintiff was terminated. To be complete, a response needs to include this information. Also, reading the response to mean that some members of the Villarreal and Trejo were terminated for allegedly being vicious, dangerous, and for assaulting this defendant, a complete response requires that Ms. San Miguel specifically identify the members of the Villarreal and Trejo to whom she is referring. A complete response also requires that Ms. San Miguel state when and how each member of the Villarreal and Trejo family was terminated.

Interrogatory number 10 is incomplete because Ms. San Miguel does not identify any communications that she had with T.J. Hale or Trisler. Also, Ms. San Miguel's statement that she "had no relationship with T.J. Hale and Trisler Seed Farms" may be factually incorrect. In this respect, during the course of discovery we have been provided a W-2 for Ms. San Miguel evidencing that she was on the Trisler payroll in 2001. Thus, a complete and accurate response requires that Ms. San Miguel explain how she ended up working for Trisler.

Yolanda San Miguel Sr.'s Interrogatory Answers

Mrs. San Miguel Sr., objected to Interrogatories 4, 13, and 15. The Court ordered that Ms. San Miguel answer these interrogatories without objection. Therefore, I request that Ms. San Miguel tender amended answers withdrawing each objection and fully responding to each interrogatory.

Mrs. San Miguel Sr., also provided incomplete, evasive, or inaccurate answers to questions 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, and 20.

The response to interrogatory 2 is incomplete because Mrs. San Miguel does not describe her job duties.

The response to number 3 is incomplete because Mrs. San Miguel does not identify any documents that were made, kept, or preserved by Mrs. San Miguel that relate to Plaintiffs employment with Trisler.

The response to interrogatory number 5 appears to be inaccurate in light of Mr. San Miguel's acknowledgment that Yolanda San Miguel Sr., helped workers register for work in Texas. Also, other information in this case leads me to believe that Mrs. San Miguel went to the fields on a daily basis, that she helped keep field time ledgers, and that she assisted Mr. San Miguel supervise the housing were the workers resided. Please verify the accuracy of this response, and if the response is inaccurate, please provide an accurate amendment answer.

The response to number 6 is also incomplete because even if the Defendant did not provide housing in connections with the Plaintiffs employment with Trisler, she can still provide the information requested in this interrogatory. The response to number 7 is incomplete for this same reason.

The response to interrogatory number 8 appears to be inaccurate because other information obtained in this case indicates that part of Mr. San Miguel's agreement with Trisler was that he would provide housing. If that's the case, since Mrs. San Miguel was working as Mr. San Miguel's assistant, it appears that she would necessarily have some housing related responsibilities. Please verify the accuracy of this response, and if the response is inaccurate, please provide an accurate amendment answer. Interrogatory number 9 appears to be inaccurate for the same reason.

The response to number 10 is incomplete because while Mrs. San Miguel identifies two individuals who drove buses used to transport workers to and from the fields, Mrs. San Miguel does not identify the person or entity that provided the vehicle used to transport the plaintiffs, and she does not state the cost of obtaining said transportation, and she does not identify each vehicle used to transport workers. Also, Mrs. San Miguel does not state her relationship to the person or entity providing the transportation. Also, Mrs. San Miguel does not state whether she employed or contracted any of the drivers.

The response to number 11 is non-responsive because it does not identify how, why, or when any Plaintiff was terminated. To be complete, a response needs to include this information. Also, reading the response to mean that some members of the Villarreal and Trejo were terminated for allegedly being vicious and combative, a complete response requires that Mrs. San Miguel specifically identify the members of the Villarreal and Trejo to whom she is referring. A complete response also requires that Ms. San

Miguel state when and how each member of the Villarreal and Trejo family was terminated.

The response to number 12 may be inaccurate because Mr. San Miguel worked for Trisler and it appears that Mrs. San Miguel helped him fulfill his responsibilities to Trisler. For example, it is my understanding that Mrs. San Miguel helped supervise workers who worked in Trisler's fields. Please verify the accuracy of this response, and if the response is inaccurate, please provide an accurate amendment answer.

Because the court ordered your clients to respond without objection, I am requesting that Mrs. San Miguel Sr., tender an amended response to interrogatory number 13 withdrawing her objection. Also, the response that the "Plaintiffs were workers and I assisted my husband, Juan Miguel" is evasive and incomplete; therefore, I request that Mrs. San Miguel tender an amended response which specifically states how each Plaintiff came to be associated Mrs. San Miguel Sr., or her husband, and/or hired to work for Trisler. Mrs. San Miguel also needs to provide a complete and accurate response to Interrogatory number 15 because the Court ordered that Ms. San Miguel answer these interrogatories without objection.

The response to interrogatory number 16 is incomplete because Mrs. San Miguel does not state the farm labor contracting activities she is authorized to perform. Please provide this information.

The response to interrogatory number 17 may be inaccurate for the same reasons that the response to interrogatory number 5 may be inaccurate. Please verify the accuracy of this response, and if the response is inaccurate, please provide an accurate amended answer.

The response to number 18 is incomplete because Mrs. San Miguel acknowledged having relevant communications with Defendants who happen to be members of her immediate family; however, she does not describe the when, where, how, or substance of the communications that she had. Also, this response may be partially inaccurate for the same reasons that the response to interrogatory number 5 and number 17 are inaccurate. Please verify the accuracy of this response, and if the response is inaccurate, please provide an accurate amended answer.

The response to interrogatory number 19 may be inaccurate for the same reasons that the response to interrogatory numbers 5, 17, and 19 may be inaccurate. Please verify the accuracy of this response, and if the response is inaccurate, please provide an accurate amendment answer.

The response to interrogatory 20 is incomplete because Mrs. San Miguel does not identify any person or entity involved in providing the housing, any person or entity involved in providing transportation, any person at Trisler she may have spoken to, any

person who may have investigated the housing provided to the Plaintiffs, any of the Plaintiffs co-workers, or any other individual who may have seen or heard things relevant to this case. Please tender an amended response containing this information.

Juan San Miguel Sr.'s Interrogatory Answers

Juan San Miguel objected to Interrogatories 4, 7, 16, and 20. The Court ordered that Mr. San Miguel answer these interrogatories without objection. Therefore, I request that Mr. San Miguel tender amended answers withdrawing each objection and fully responding to each of these interrogatories.

The answer to interrogatory number 2 is incomplete. For example, pursuant to his contract with Trisler in 2001, Mr. San Miguel agreed to provide housing to workers he recruited; however, this response makes no mention of his housing duties. Please review the response to this request and provide an amended response.

The answer to interrogatory number 3 is incomplete because it makes no mention of any wage and hour records that were kept and/or maintained by Mr. San Miguel. The answer is also incomplete because it does not identify any documents that Mr. San Miguel may have made, kept, or preserved relating to the housing, transportation, or termination of any Plaintiff. The answer to interrogatory number 5 is incomplete for similar reasons. Please review the response to these requests and provide an amended response.

The answer to interrogatory number 6 is incomplete and evasive. One of the Mr. San Miguel's duties with Trisler was to provide housing, and even if the assertion that the Plaintiffs rented apartments directly from the apartment complex is accurate, Trisler and the San Miguel's paid for the housing and Mr. San Miguel needs to state which Plaintiffs were assigned to which units. Also, if any of the Plaintiffs were provided other housing, for example if hotel rooms were provided to workers who arrived before the Green Meadows Apartments were ready for occupancy, Mr. San Miguel needs to identify that housing, and he needs identify each Plaintiff who was assigned to this additional housing. Also, Mr. San Miguel needs to clarify his statement that the housing "was governed by federal and state law".

The answer to Interrogatory number 7 is incomplete for the same reasons as number 6. For example, it is evasive to state "beds were available for each and every apartment" and instead your client is required to state how many beds were provided in each apartment. Mr. San Miguel also needs to state if beds were provided to each occupant. In describing the beds, Mr. San Miguel needs to state the types of mattresses provided to the workers. Also, since Mr. San Miguel claims in his response that some workers arrived before the season began or before the lease period commenced, Mr. San Miguel needs to state the lease term, and he needs to identify the workers who arrived

before the apartments became available, and where these workers were housed before the apartments became available. Mr. San Miguel also needs to describe any temporary housing provided to any worker before the Green Meadows Apartments could be occupied. Finally, Mr. San Miguel needs to state whether the housing was inspected and certified to house migrant workers, and if so, he needs to identify the agency that conducted the inspections.

Interrogatory number 8 is also incomplete. Pursuant to his agreement with Trisler, Mr. San Miguel was obligated to provide housing to the workers he recruited. Mr. San Miguel needs to explain how he identified the Green Meadows Apartments as a place where migrant farm workers could be housed. Mr. San Miguel also needs to identify the individual or individuals from the Green Meadows Apartment complex he contacted to find out about the availability of housing. Mr. San Miguel also needs to explain how housing applications were obtained, and whether he or the workers obtained the applications. Mr. San Miguel also needs to state whether he paid any of the costs associated with this housing. Finally, Mr. San Miguel needs to clarify his statement that he "was the contact person for the any [sic] problem with respect to the housing." In this regard, Mr. San Miguel needs to state for whom he served as a contact – the workers, Trisler, Green Meadows Apartment, federal or state migrant housing inspectors, or all of the above.

The interrogatory number 9 is incomplete. Mr. San Miguel needs to identify the steps he took to "oversee and make sure that there was transportation available at all times." Mr. San Miguel also needs to state whether he ever personally transported any of the workers.

The response to number 10 is incomplete because while Mr. San Miguel identifies 2 individuals who drove 2 of the buses used to transport workers to and from the fields, Mr. San Miguel does not identify the person or entity that provided the buses used to transport the plaintiffs, he does not state the procedure for determining whether the vehicles or drivers were certified to transport migrant agricultural workers, he does not state the cost of obtaining said transportation, and he does not state whether the sole means for getting to and from the fields was via these buses.

The response to number 11 is incomplete because Mr. San Miguel does not identify how, when, or where any Plaintiff was terminated. To be complete, a response needs to include this information.

The response to number 12 is incomplete because Mr. San Miguel does not state how long he has been employed by Trisler and he does not state how he obtained this employment.

The response to number 13 is incomplete because Mr. San Miguel does not state how each Plaintiff came to be associated with and/or hired by Mr. San Miguel to work

for Trisler. The response is also incomplete because it does not state when, where, how, and by whom Plaintiffs were contracted to work for Trisler. The response also does not identify the person who contracted each Plaintiff to work for Trisler.

The response to number 15 is incomplete. For each communication to each Plaintiff that he recalls making, Mr. San Miguel needs to state: the method of communication, the date of the communication; the location of the communication; whether the communication was in person; and the substance of the communication. Also, in regards to the substance of the communication, Mr. San Miguel needs to be more specific about the communication. For example, in response to interrogatory number 3, Mr. San Miguel states that he told the Plaintiffs that they were "at will" employees. Mr. San Miguel needs to state when this statement was, where this statement was made, whether this statement was written or oral, whether this statement was made in person, and whether this communication was made directly by Mr. San Miguel or by someone acting on his behalf. Similarly, Mr. San Miguel needs to identify any communications he had with the Plaintiffs about the housing and transportation that was being provided pursuant to Plaintiffs' employment with Trisler.

The response to number 16 is incomplete. Mr. San Miguel needs to describe the business structure of JASM Express, Inc., by stating where this company was incorporated, who the owners and officers are, when it was incorporated, what business it engages in, and who it employs. Also, in regards to the assertion that Mr. San Miguel operated as a sole proprietorship in 2001, Mr. San Miguel needs to describe his relationship to this business and he needs to identify persons employed by this business.

The response to number 17 is incomplete and inaccurate. The response is incomplete because it does provide any information about Yolanda San Miguel Sr. Also the portions pertaining to Yolanda San Miguel Jr., may be inaccurate in light of other statements made by Mr. San Miguel. For example, in response to this lawsuit, your client tendered a written statement to Trisler admitting that both Yolanda San Miguel Sr., and Yolanda San Miguel Jr., helped register workers in Texas. This response is also incomplete because it does identify by name, address, and phone number each worker hired and/or recruited in 2001 by Mr. San Miguel.

The response to interrogatory number 18 is incomplete because Mr. San Miguel does not state the farm labor contracting activities he and Yolanda San Miguel Sr., are authorized to perform.

The response to interrogatory number 19 is incomplete because Mr. San Miguel does not identify which Plaintiff he recruited to perform corn detasseling or corn rogueing in 2001. The response is also incomplete because Mr. San Miguel does not identify by name, address, and phone number non-plaintiffs who were recruited to perform detasseling or corn rogueing in 2001.

The response to interrogatory 22 is incomplete because Mr. San Miguel does not identify any person or entity involved in providing the housing, any person or entity involved in providing transportation, any person at Trisler he may have spoken to, any person who may have investigated the housing provided to the Plaintiffs, any of the Plaintiffs co-workers, or any other individual who may have seen or heard things relevant to this case.

<u>Yolanda San Miguel Sr.'s Response to Plaintiffs' Document Request</u>

Mrs. San Miguel's responses to Plaintiffs' request for Production of Documents are incomplete and inaccurate.

<u>The responses are incomplete</u>: In response to the 38 document requests, we received a single, one page document and a citation to a government form. More specifically, in response to 17 of the requests, (Response to Request No.'s 1, 2, 3, 5, 6, 8, 9, 12, 13, 14, 15, 17, 21, 23, 27, 30, and 36) Mrs. San Miguel responds by stating "None, but probably available with Trisler Seed Farms". Six other responses, (Response to Request No.s' 19, 20, 22, 24, 26, and 35) are a variation of this response. For example the response to request number 19 is "None available at this time." These responses are not acceptable. Pursuant to Federal Rule of Civil Procedure 34(a) (1) you are required to produce documents that are in your possession, custody, or control. This includes not only documents that are in your physical possession, but also documents that you have constructive possession of, or documents that you have the right to obtain the possession from others. Please produce the documents that are responsive to this document request.

Mrs. San Miguel also improperly objects to request for production number 31 and request for production number 37. Pursuant to the Court's September 9 ruling, Mrs. San Miguel may not make any objections and she is required to provide documents responsive to these requests.

Also, Mrs. San Miguel's responses to request for production number 28 and request for production number 29 are non-responsive. Please review these requests and provide a complete answer.

<u>The responses are not accurate</u>: Also, the responses are not accurate in light of the written statement made by Mr. San Miguel that the San Miguel's have "proof of the paperwork that the workers sign before going to the destination in Illinois…" and that the San Miguel's "have proof that Yolanda Jr. and Yolanda Sr. ended up in the hospital as well as a police report…" Mrs. San Miguel's response to the request for production of documents makes no reference to any of these materials; therefore, her response is inaccurate.

Juan San Miguel Response to Plaintiffs' Document Request

Juan San Miguel's response to Plaintiffs' Request for production of documents appears to be exactly the same as the response tendered by Yolanda San Miguel Sr. Therefore, Juan San Miguel's response is inaccurate and incomplete in the same respect as the response tendered by Yolanda San Miguel Sr.

In closing, the Order issued by the Court on September 9, 2004 requires that your clients tender without objection, complete and accurate responses to the discovery requests served by the Plaintiffs. As noted in great length in the body of this letter, the responses provided by your clients prior to the September 9th hearing on Plaintiffs' Motion to Compel do not comply with this Order. The Order also requires that your clients file a written answer to the complaint and the Order requires that your clients tender initial disclosures. Your clients have not served either of these documents. The 10 day deadline to comply with the Order compelling responses is Monday, September 20, 2004. Therefore, your clients must immediately file an answer to the complaint, they must immediately tender initial disclosures, and they must immediately supplement and/or amend their earlier discovery responses.

Sincerely,

Rodolfo D. Sanchez
Attorney in Charge for Plaintiffs

RDS:gv

cc: Vincent Beckman and Miguel Keberlein via fax to (312) 427-0381

# Confirmation Report – Memory Send

Page : 001
Date & Time: Sep-07-04 02:52pm
Line 1 : +9569688823
Line 2 : +9569688823
Machine ID : TX.RioGrande Legal Aid, Inc.

| | | |
|---|---|---|
| Job number | : | 232 |
| Date | : | Sep-07 02:51pm |
| To | : | ☎6185949 |
| Number of pages | : | 003 |
| Start time | : | Sep-07 02:51pm |
| End time | : | Sep-07 02:52pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number : 232 *** SEND SUCCESSFUL ***

**TEXAS RIOGRANDE LEGAL AID, INC.**
**FAX Cover Sheet**

300 South Texas Blvd. - Weslaco, Texas 78596
Law Office No. 956-968-9574
Administration Office No. 956-968-6574
1-800-369-0574
Fax No. 956-968-8823

TO: Mr. Roberto Guerrero

FIRM:

TELEPHONE NO. FAX NO. (956)618-5949

FAX IS FROM: Rodolfo Sanchez

OFFICE NO. 956-968-9574/6574 Ext.

This transmission consists of 3 pages, including this cover sheet.

Special instructions:

Date: 9-7-2004 Time:

NOTICE

THE INFORMATION CONTAINED IN THIS CONFIDENTIAL COMMUNICATION MAY BE PROTECTED FROM DISCLOSURE BY THE ATTORNEY-CLIENT PRIVILEGE OR BY THE ATTORNEY WORK-PRODUCTION PRIVILEGE. THIS CONFIDENTIAL COMMUNICATION IS INTENDED ONLY FOR THE PERSON NAMED ABOVE. AND THE FOREGOING PRIVILEGES ARE NOT WAIVED BY VIRTUE OF THIS HAVING BEEN SENT BY FACSIMILE.

IF THIS CONFIDENTIAL COMMUNICATION IS RECEIVED BY ANY PERSON OTHER THAN THE PERSON NAMED ABOVE OR THAT PERSON'S AUTHORIZED AGENT OR EMPLOYEE. BE ON NOTICE THAT ANY USE. COPYING. DISSEMINATION. OR DISTRIBUTION OF THIS CONFIDENTIAL COMMUNICATION IS STRICTLY FORBIDDEN. IF YOU HAVE RECEIVED THIS CONFIDENTIAL COMMUNICATION IN ERROR. PLEASE NOTIFY THE SENDER IMMEDIATELY AND RETURN THIS COMMUNICATION TO THE SENDER AT THE ADDRESS LISTED ABOVE VIA THE U.S. MAIL.