# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

PRECOPIO RODRIGUEZ, ET AL §
Plaintiff, §
§
V. §  CIVIL ACTION NO. B-03-034
§
TRISLER SEED FARMS, INC., ET §
AL §
§
Defendants. §

## DEFENDANT'S RESPONSE TO FIRST SET OF
## INTERROGATORIES OF PLAINTIFFS

To:     Plaintiffs by and through their Rodolfo Sanchez and Nathanal Norton, Texas Rio
grande Legal Aid, Inc. 300 S. Texas Blvd., Weslaco, TX 78596

NOW COMES YOLANDA SAN MIGUEL, JR., Defendant, and responds to this Set of
Interrogatories propounded by Plaintiffs in the above captioned cause.

Respectfully submitted,


By:
Roberto A. Guerrero
Texas Bar No. 08581450
2217 N. 23rd Street
McAllen, Texas 78501
Tel. (956)631-1394
Fax. (956)618-5949
Attorney for Defendant

EXHIBIT
B

**INTERROGATORY NO. 1**

Please identify each person from whom information was obtained to answer these interrogatories, or whom you believe has relevant information, and state what information you believe each such person has.

**RESPONSE**

Information was obtained from each Defendant named herein. Defendant believes that all parties have relevant information. Defendant believes that all parties have information that the claims against me are without merit.

**INTERROGATORY NO. 2**

Please describe in detail what your job was with Trisler Seed Farms, Inc. in 2001 and the duties that accompanied that job. Please include in your description your job title and any decision-making functions of any kind you had regarding recruitment, hiring, orientation, assignment, supervision, housing or transportation of agricultural workers or in overseeing or inspection of work, workers, or other supervisors.

**RESPONSE**

I had no formal title and my job was anything that was assigned by my father, Defendant Juan San Miguel. This included bringing water to the workers. I had no decision making functions of any kind.

**INTERROGATORY NO. 3**

Please identify each document you made, kept and, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of any Plaintiff employed by you or Trisler in 2001.

**RESPONSE**

This Defendant objects to this interrogatory as being overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to discovery of admissible evidence, and better suited to be answered by someone who has the authority to make decisions inasmuch the Defendant was a mere employee. Subject to said objection, Defendant has no documents regarding any of the foregoing.

**INTERROGATORY NO.4**

If any documents are being withheld from discovery on the basis of a claim of privilege, exemption from discovery or any other objection, please furnish the following

information for each such document:

Description of the document

Date the document was generated

Names, addresses, and telephone numbers of the authors of the document;

Names, addresses and telephone numbers of any indicated recipients of the document;

Name, address and telephone number of every person to whom the document has ever been disclosed, and the dates and circumstances of each such disclosure;

The precise subject matter of the document;

The name, address and telephone number of every person who has custody or control over the document; and

The basis for claiming privilege or exemption from discovery

**RESPONSE**

None at this time

**INTERROGATORY NO.5**

Please describe in detail complaints or police reports that you have filed against any Plaintiff, including the date, location, and to whom each complaint or report was filed.

**INTERROGATORY NO. 6**

Describe in detail the procedure, in 2001, for furnishing fields where agricultural workers worked, with toilets, hand washing facilities, and drinking water. Please include in you answer a description of who decided and how it was decided on the number of toilets, hand washing facilities, and drinking water containers to place at a field, when at the filed they would be placed and how frequently they would be serviced, cleaned, replaced, and/or refilled.

**RESPONSE**

Defendant had no decision making roles concerning the assignment of fields but assumes that people were assigned to work as needed. Simularly, Defendant services were provided at places and at times when most convenient to the workers. They were never without hand washing facilities, drinking water, or toilets. It was better to check

these services often rather than to have a firm time table to ascertain these services.

## INTERROGATORY NO. 7

Please describe in detail your connection—i.e., use, management, control or ownership to the housing facilities where Plaintiffs resided during the period that they worked for Trisler in 2001, and identify the facilities by name, location, date of construction, and describe any role you played in housing the Plaintiffs in 2001.

## RESPONSE

None

## INTERROGATORY NO.8

Please describe in detail any role you played in transporting any Plaintiff in 2001, including the furnishing, oversight, or arranging of such transportation.

## INTERROGATORY NO.9

Please describe in detail how, why and when each Plaintiff's employment was terminated in 2001 and describe any role you played in any of the Plaintiff's termination.

## RESPONSE

Defendant had no role in any Plaintiff's termination. Some of the Plaintiffs were vicious and dangerous, namely those in the Villarreal and Trejo family. They assaulted this Defendant but this Defendant played no role or did not decide to terminate these individuals.

## INTERROGATORY NO. 10

Please describe in detail your relationship to T.J. Hale and to Trisler Seed Farms, Inc. Please include a description of how they came to be associated with you, a description of T.J. Hale's job duties, and identify every communication you had with T.J. Hale and Trisler related to your employment in 2001 and with an indication of the method, date and subject matter of each communication.

## RESPONSE

Defendant had no relationship with T.J. Hale and Trisler Seed Farms

## INTERROGATORY NO. 11

Please describe in detail your relationship to the Plaintiffs. Please include a description of how they came to be associated with you, a description of their job duties, and identify every communication related to their employment in 2001 or to this lawsuit that you had with any of the Plaintiffs with an indication of the method, date and subject matter of each communication.

## INTERROGATORY NO. 12

Please describe in detail what federal and state licensing and/or certification you had in 2001 to perform any farm labor contracting activities.

## RESPONSE

None and none was required of Defendant.

## INTERROGATORY NO. 13

Please describe in detail your relationship to JASM Express, Inc., or of any business of which you were a part that performed farm labor contracting activities, including your job title, pay and job duties, if any, with each such business.

## INTERROGATORY NO. 14

Please describe in detail any altercation, whether physical or verbal, you have had with any Plaintiff including the date, time, location, and subject matter of each such altercation.

## RESPONSE

This Defendant objects to this interrogatory as being overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to discovery of admissible evidence.

## INTERROGATORY NO. 15

Please identify and describe in detail each vehicle you drove during your employment with Trisler in 2001 including the make, model, color, license plate number and year of the vehicle and describe the purpose for and the frequency with which you drove each such vehicle.

## RESPONSE

This Defendant objects to this interrogatory as being overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to discovery of admissible evidence.

**INTERROGATORY NO. 16**

Please identify each arrest or conviction occurring within the past ten years for any felony, any crime of moral turpitude, or any assault, and for each such instance include the exact offense involved, the date of charge, the county city and state where each such accusation, arrest, and/or conviction occurred, and the disposition of each such accusation, arrest and/or conviction.

**RESPONSE**

None

**INTERROGATORY NO. 17**

Please describe any role you played in furnishing, servicing, cleaning, replacing, and/or refilling toilets, hand washing facilities, and drinking water in 2001.

**RESPONSE**

This Defendant objects to this interrogatory on the grounds that it is irrelevant.

**INTERROGATORY NO. 18**

Please identify each verbal argument or disagreement you had with any Plaintiff in 2001 indicating the parties to the argument or disagreement and the date, time, location, and subject matter of each such argument or disagreement.

**INTERROGATORY NO. 19**

Please identify each time in the past ten years you have been accused of any felony, any crime of moral turpitude, or any assault, and for each such instance include the exact offense you were accused of, the date of the accusation, the county, city and state where each such accusation occurred, and the disposition of each such accusation.

**REPONSE**

None

## VERIFICATION

I, the undersigned, declare under penalty of perjury that the foregoing is true and correct .

Signed this ___4th___ day of ~~June~~ September 2004.

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 8, 2004 a true and correct copy of the

foregoing document was served on the following persons :

Rodolfo Sanchez and Nathaniel Norton  VIA FAX # (956) 968-8823
Texas Rural Legal Aide, Inc.
300 S. Texas Blvd.
Weslaco, TX 78596

Victoria L. Donati and Jason Kim  VIA ORDINARY MAIL
Gerber & Eisenberg LLP
2 N. La Salle St., Suite 200
Chicago, IL 60602

Roberto A. Guerrero