UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PRECOPIO RODRIGUEZ, ET AL
Plaintiff,

V.

TRISLER SEED FARMS, INC., ET
AL

Defendants.

§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. B-03-034

## DEFENDANT'S RESPONSE TO FIRST SET OF INTERROGATORIES OF PLAINTIFFS

To: Plaintiffs by and through their Rodolfo Sanchez and Nathanal Norton, Texas Rio
grande Legal Aid, Inc. 300 S. Texas Blvd., Weslaco, TX 78596

NOW COMES YOLANDA SAN MIGUEL, SR., Defendant, and responds to this Set of

Interrogatories propounded by Plaintiffs in the above captioned cause.

Respectfully submitted,


By: _____
Roberto A. Guerrero
Texas Bar No. 08581450
2217 N. 23rd Street
McAllen, Texas 78501
Tel. (956)631-1394
Fax. (956)618-5949
Attorney for Defendant



EXHIBIT
C

**INTERROGATORY NO. 1**

Please identify each person from whom information was obtained to answer these interrogatories.

**RESPONSE**

Information was obtained from each Defendant named herein.

**INTERROGATORY NO. 2**

Please state your 2001 job title with Trisler and describe the duties that accompanied that job.

**RESPONSE**

Defendant did not have a job title with Trisler in 2001.

**INTERROGATORY NO. 3**

Please identify each document you made, kept and, preserved or posted concerning the recruitment, hiring, terms and conditions of employment, labor, earnings, deductions, housing terms and conditions, transportation, rights, benefits or termination of any Plaintiff employed by you or Trisler in 2001.

**RESPONSE**

Defendant has none.

**INTERROGATORY NO.4**

Please identify every communication you have had with T.J. Hale, Trisler, Juan San Miguel or Yolanda San Miguel Jr, concerning the subject matter of this lawsuit.

**RESPONSE**

This Defendant objects to this interrogatory, which asks for "every communication" as being overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to discovery of admissible evidence. Subject to said objection, Defendant has had no communications with T.J. Hale or Trisler.

**INTERROGATORY NO.5**

Please describe in detail your role in the recruitment and/or hiring or each Plaintiff for employment in 2001 with you or Trisler.

**RESPONSE**

None

**INTERROGATORY NO. 6**

For each individual plaintiff, please identify each specific apartment unit, hotel room, or other housing unit provided by you an any time in 2001 in connection with said Plaintiff's employment with you or Trisler. In your answer, please provide the address of the housing unit, the name of the housing facility if there is one, the type of ousing, and your relationship to the housing facility in 2001.

**RESPONSE**

N/A Defendant did not provide any housing or apartment.

**INTERROGATORY NO. 7**

Please describe each specific housing unit provided by you in 2001 to each plaintiff. In your answer please state the condition and number of rooms in the apartment, the square footage of each room, the condition and number of beds in the unit, the condition and number of mattresses in the unit, the condition and type of furnishings provided, the condition and type of furnishing provided, the number of lights provided in each room, the identity of each occupant in each housing unit, and whether or not such housing was licensed as migrant farm worker housing by appropriate state and/or federal agencies.

**RESPONSE**

N/A Defendant did not provide any housing.

**INTERROGATORY NO.8**

Please describe your role in obtaining housing for any Plaintiff in 2001.

**RESPONSE**

None

**INTERROGATORY NO.9**

Please describe in detail any role you played in 2001 in transporting the Plaintiffs to, from and between Trisler's cornfields or other work sites.

**RESPONSE**

None

**INTERROGATORY NO. 10**

Please describe how each Plaintiff was transported to, from, and between Trisler's cornfields or other Trisler work sites in 2001. In your response, please state the following: the name of each transportation provider and your relationship, if any, to the transportation provider , if any, to the vehicle provider; the identity of each person wo drove or operated any vehicle used to transport any worker, and your relationship, if any, to the driver or operator; procedures for verifying drivers' certification to provide such transportation; and the amount, kind and date of payments made for such transportation services.

**RESPONSE**

Working Plaintiffs were transported to and from the work site. The drivers were hired to drive only and did not do anything else other than to make sure the bus was clean and there was water available on the bus for the Plaintiffs. The drivers were not related to Defendants San Miguel. One of the drivers, Ricardo Rivera, is a Plaintiff in this suit. The other driver was Guadalupe Maldonado and I don't know who the third driver was. Defendant was not involved in verifying licenses but Defendant understands that the drivers had a commercial license and had been given a physical by the company.

**INTERROGATORY NO. 11**

Please explain in detail how, why, and when each Plaintiff's employment was terminated in 2001.

**RESPONSE**

Some of the Plaintiffs were never hired and consequently never terminated. Most jobs were over when the detasseling season ended. The jobs were seasonal in nature. However, a few Plaintiffs, namely those in the Trejo and Villarreal families were necessarily terminated before the detasseling season ended because of their vicious and combative nature.

**INTERROGATORY NO. 12**

Please describe in detail your relationship to T.H. Hale and to Trisler Seed Farms, Inc.

**RESPONSE**

None

**INTERROGATORY NO. 13**

Please describe in detail your relationship to each Plaintiff. Please include a description of how each Plaintiff came to be associated with you and/or hired to work for Trisler in 2001.

**RESPONSE**

Defendant objects to this interrogatory on the ground that it is unduly burdensome. Subject to that objection, Plaintiffs were workers and I assisted my husband, Juan San Miguel.

**INTERROGATORY NO. 14**

**RESPONSE**

Provide a description of each Plaintiff's duties with Trisler in 2001.

With respect to the Plaintiffs who were working, the Plaintiffs were involved in detasseling corn.

**INTERROGATORY NO. 15**

Please identify each communication you had with any Plaintiff from May 2001 through August 2001. In your response please state the method, date, subject matter of each communication, and whether the communication was in person.

**RESPONSE**

This Defendant objects to this interrogatory, which asks for "every communication" as being overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to discovery of admissible evidence. Defendant further objects because this information is also available from Plaintiffs' own sources.

**INTERROGATORY NO. 16**

Please describe in detail what federal and state licensing and/or certification you had in 2001 to perform any farm labor contracting activities. In your response please state each specific farm labor contracting activity you were licensed or certified to perform and whether you were licensed or certified for each activity by the federal government, by

the State of Illinois, or by both.

**RESPONSE**

Defendant has a Farm Labor Contractor Certification Certificate issued by the United States Department of Labor. Defendant was not involved in contracting labor.

**INTERROGATORY NO. 17**

Please state each person that was recruited by you to perform corn detasseling or corn rogueing in 2001.

**RESPONSE**

Defendant did not recruit any Plaintiff.

**INTERROGATORY NO. 18**

Please describe each communication you had with any other defendant in 2001 concerning the existence, availability or conditions of employment, transportation and/or housing of any Plaintiff with Trisler in Illinois.

**RESPONSE**

Defendant had no communications with anyone outside of Defendant's immediate family. However, Defendant was aware, as were the Plaintiffs, that they would detassel corn, that the work involved working outdoors, that there would be suitable transportation for the workers and that the housing would be satisfactory.

**INTERROGATORY NO.19**

Describe any role you played in any of the termination of employment of any Plaintiff with Trisler in 2001.

**RESPONSE**

Defendant had no authority to terminate anyone and consequently, I had no role in the termination of employment of any person.

**INTERROGATORY NO. 20**

Please identify by name, address, and telephone number any person who has or may have knowledge of any relevant facts or discoverable information relating to the subject of this lawsuit, and state the substance of the information which you believe or have reason to believe that each of these persons may have.

## RESPONSE

All of the Plaintiffs herein- Defendant believes that some of the Plaintiffs will admit that they are incorrect with respect to the allegations contained in their petition; that they have made "bundled claims"; that is the claims of a few Plaintiffs have been attributed to all of the Plaintiffs. The names, addresses, and telephone numbers are in the possession of Plaintiffs' attorneys.

All of Defendants herein: Defendants will generally deny the claims of Plaintiffs herein.

## VERIFICATION

I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Signed this ___4th___ day of ~~June~~ *September* 2004.

# CERTIFICATE OF SERVICE

The undersigned certifies that on September 8, 2004 a true and correct copy of the foregoing document was served on the following persons :

Rodolfo Sanchez and Nathaniel Norton      VIA FAX # (956) 968-8823
Texas Rural Legal Aide, Inc.
300 S. Texas Blvd.
Weslaco, TX 78596

Victoria L. Donati and Jason Kim          VIA ORDINARY MAIL
Gerber & Eisenberg LLP
2 N. La Salle St., Suite 200
Chicago, IL 60602



Roberto A. Guerrero